COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





JAMES DOUGLAS DAUGHERTY,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-06-00272-CR



Appeal from


 401st District Court


of Collin County, Texas


(TC # 401-82689-04)




O P I N I O N



 James Douglas Daugherty appeals his conviction of tampering with a governmental record. 
The trial court assessed punishment at 210 days' confinement at the State Jail Division of the Texas
Department of Criminal Justice Division, suspended confinement, placed Appellant on community
supervision for three years, and assessed a $500 fine. Finding no error, we affirm as reformed.

FACTUAL SUMMARY


 The North Texas Municipal Water District is a governmental agency commissioned by the
State of Texas to provide water, waste water, and solid waste services to Royse City. The District
pumps water to a pump station where it is placed in a reservoir. The City then takes the water from
the pump station and distributes it to residents. Distribution samples are taken at various points to
test for coliform bacteria in the water. If a sample tests positive, there is a potential that disease
producing organisms could grow in the water system. The District must notify the City of a positive
test within twenty-four hours. The City must then retest at the location where the sample was taken
and within five residences upstream and downstream from the sample point. If the retests indicate
the presence of bacteria, the District reports the results to the State. The City then conducts an
extensive flushing program to resolve the problem. 

 The District uses a standardized water test reporting form when water samples are submitted
for testing. The form designates where the samples were collected in the distribution system. Once
submitted, the form becomes a part of the District's legal records. 

 Appellant held a Class C water operator's license and was the water supervisor for Royse
City. He was employed to remedy problems with the City water system and to ensure the system
was in compliance with the Texas Commission of Environmental Quality standards. Appellant
collected water samples on the second and fourth Wednesdays of each month. 

 Appellant was on vacation between June 21 and June 25, 2004. Before he left, he signed and
completed a water sample form that stated water samples were collected from three areas throughout
the city. He left instructions for his employee, Meliton Pena, to take the water samples at the pump
station and deliver them to the District. On Wednesday, June 23, Pena collected the water samples
from the pump station as directed, but he gave the samples and Appellant's pre-filled form to Calvin
Smith, another employee, who took them to the District. The jury found Appellant guilty of
tampering with a governmental record. Appellant brings three issues for review in which he
complains of evidentiary error and challenges the sufficiency of the evidence.

EVIDENTIARY ERROR?


 Evidence must be properly authenticated before it may be admissible: 


 The requirement of authentication or identification as a condition precedent to
admissibility is satisfied by evidence sufficient to support a finding that the matter
in question is what its proponent claims.

Tex.R.Evid. 901(a). We review evidentiary rulings for an abuse of discretion. Rodriguez v. State,
203 S.W.3d 837, 841 (Tex.Crim.App. 2006). We are required to uphold the trial court's decision
when it falls within the zone of reasonable disagreement, and we may not reverse solely because we
disagree with it. See id.

 The State offered Exhibit 3, as a copy of the to-do list Appellant left for Pena.

 Wednesday a must do: Take water samples at pump station and deliver to
NTMWD. The paper work is already filled out and is on top on my file cabinet. 
Also the bottles are on top of my file cabinet. The torch is in my desk drawer.


Appellant contends Pena's testimony was insufficient to properly authenticate the exhibit 3. Pena
testified:

 Q [STATE]: Let me show you what is marked as State's Exhibit 3. Does that appear
to be a copy of the to-do list that Mr. Daugherty left you?


 A: Yes, this is it.


. . .



VOIR DIRE EXAMINATION



 Q [DEFENSE]: Mr. Pena, in regard to that document, is that an exact replica of the
document that you saw sometime back in June, or is there something missing from
it?


 A: I can't recall.


 Q: You can't recall, so you don't know if that is the exact document; is that correct?


 A: I don't remember.


 Q: You don't remember if that's the exact document you saw, is that your statement?


 A: What I'm saying, some of the things that are here, that's what they told me to do,
but I don't know if there was other things that I should have done.


 Q: So you are saying you are not sure if that is the document that you saw back in
June of 2004?


 A: I don't remember, it's too long time.


 [DEFENSE] Judge, I would object to the document as not properly authenticated at
this point.


 THE COURT: [STATE]?


 Q [STATE]: I'll repeat the question. Does that look like a copy of the piece of paper
that Mr. Daugherty prepared for you?


 A: I think it is.


 Q: You think it is?


 A: Yes. 


While reasonable minds could differ, the trial court's decision to admit the exhibit falls within the
zone of reasonable disagreement. Pena testified he thought the exhibit was a copy of the to-do list
Appellant prepared and left for him to complete while he was on vacation. Rodriguez, 203 S.W.3d
at 841 (when the trial court's admissibility decision is within the zone of reasonable disagreement,
the abuse of discretion standard requires an appellate court to uphold the trial court's admissibility
decision). We find no abuse of discretion and overrule Issue One.

SUFFICIENCY OF THE EVIDENCE


 In Issues Two and Three, Appellant contends the evidence is legally and factually insufficient
to support his conviction. In cascading fashion, he argues (1) there is no evidence that Exhibit 4 was
a governmental record at the time it was within his possession, (2) the document did not become a
governmental document until it was tendered to the District, (3) there is no evidence that he had
access to the document after it was delivered to the District, and (4) the form was delivered when
Appellant was not at work and had no control over any employee that delivered it. 

The Offense


 A person commits the offense of tampering with a governmental record if he: (1) makes,
presents, or uses any record, document, or thing with knowledge of its falsity and with intent that it
be taken as a genuine governmental record; or (2) makes, presents, or uses a governmental record
with knowledge of its falsity. See Tex.Penal Code Ann. § 37.10(a)(2) & (5)(Vernon Supp. 2007). 
A "governmental record" includes anything belonging to, received by, or kept by government for
information. See Tex.Penal Code Ann. § 37.01 (2)(A).

 The indictment alleged that Appellant:

 with intent to defraud the North Texas Municipal Water District, make, present, and
cause to be presented a record and document; to-wit: a water testing record for the
North Texas Municipal Water District, with knowledge of its falsity and with intent
that it be taken as a genuine governmental record; 


 with intent to defraud the North Texas Municipal Water District, use a governmental
record, namely, a water testing record kept by the North Texas Municipal Water
District, with knowledge of its falsity. 

 

See Tex.Penal Code Ann. § 37.10 (a)(2) & (a)(5). The jury found Appellant guilty of the offense
of tampering with a governmental record as charged in the indictment. But the judgment only lists
the offense as "37.10(a)(2) Penal Code." Pursuant to applicable appellate rules, we reform the
judgment to reflect the statute for offenses to list both Section 37.10 (a)(2) and Section 37.10 (a)(5). 
See Tex.R.App.P. 43.2(b).

Standard of Review


 In reviewing the legal sufficiency of the evidence, we consider all of the evidence in the light
most favorable to the verdict and determine whether a rational juror could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99
S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App.
2007). We must give deference to "the responsibility of the trier of fact to fairly resolve conflicts
in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate
facts." Hooper, 214 S.W.3d at 13, citing Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2781.

 In reviewing the factual sufficiency of the evidence, we view all the evidence in a neutral
light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); Clewis v.
State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). In performing our review, we are to give due
deference to the fact finder's determinations. See id. at 8-9; Clewis, 922 S.W.2d at 136. The fact
finder is the judge of the credibility of the witnesses and may "believe all, some, or none of the
testimony." See Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). Evidence is
factually insufficient if it is so weak that it would be clearly wrong and manifestly unjust to allow
the verdict to stand, or the finding of guilt is against the great weight and preponderance of the
available evidence. Johnson, 23 S.W.3d at 11. Thus, the question we must consider in conducting
a factual sufficiency review is whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. See id. 

 Under the first prong of Johnson, we cannot conclude that a conviction is "clearly wrong"
or "manifestly unjust" simply because, on the quantum of evidence admitted, we would have voted
to acquit had we been on the jury. Watson v. State, 204 S.W.3d 404, 417 (Tex.Crim.App. 2006). 
Under the second prong of Johnson, we cannot declare that a conflict in the evidence justifies a new
trial simply because we disagree with the jury's resolution of that conflict. Id. Before finding that
evidence is factually insufficient to support a verdict under the second prong of Johnson, we must
be able to say, with some objective basis in the record, that the great weight and preponderance of
the evidence contradicts the jury's verdict. Id. 

 If alternative theories of committing the same offense are submitted to the jury in the
disjunctive, a jury may return a general verdict if the evidence is sufficient to support a finding under
any of the theories submitted. See Kitchens v. State, 823 S.W.2d 256, 258 (Tex.Crim.App. 1991). 
The jury was disjunctively charged as to both theories asserted in the indictment. Therefore, if the
evidence is sufficient to support any one of the theories charged, we will affirm the jury's verdict. 
See Sorto v. State, 173 S.W.3d 469, 472 (Tex.Crim.App. 2005). 

Analysis


 Appellant argues there is no evidence that he had access to or used the document any time
after it was delivered to the District. In support of his argument, he directs us to Pokladnik v. State,
876 S.W.2d 525 (Tex.App.--Dallas 1994, no pet.) and Constructors Unlimited Inc. v. State, 717
S.W.2d 169 (Tex.App.--Houston [1st Dist.] 1986, pet. ref'd). These cases are inapplicable because
the defendants were charged under Penal Code Section 37.10 (a)(1), a different section from that
alleged by the State here. (1) See State v. Vasilas, 187 S.W.3d 486, 490-91 (Tex.Crim.App. 2006);
Pokladnik, 876 S.W.2d at 526-27; Constructors Unlimited Inc., 717 S.W.2d at 172. Further, a
document may become a governmental record after it has been received by a government entity even
though it was not one at the time the false entries were made. See Vasilas, 187 S.W.3d at 491
("Although the petition for expunction was not a governmental record when Appellee prepared it,
it became a governmental record once the court received it and he used it in seeking to obtain the
expunction of records."); Morales v. State, 11 S.W.3d 460, 462-63 (Tex.App.--El Paso 2000, pet.
ref'd)(even if the petition was not a governmental record when it was falsified, it became a
governmental record after it was accepted by the party chairperson and defendant continued to use
the record afterward to maintain his position on the ballot). In this case, once the form was filled out
and received by the District, it became a part of their legal records. 

 Appellant also contends the evidence was insufficient because he was on vacation and had
no control over the employees who delivered the form. Appellant informed Pena he would leave a
to-do list for him. Pena found the list on Appellant's desk and followed the instructions by locating
the pre-filled form and taking samples from the pump station. Appellant testified that prior to
leaving on vacation, he spoke with Rusty Streetman, whom he thought would be the one to take the
samples. But Appellant did not tell Pena that he was not to follow his instructions and he knew that
Pena did not have the necessary skills or training to take the samples.

 Appellant also admitted before the Royse City Council that he had falsified the report and
submitted it to the District so there wouldn't be any bad press about problems with the water. 
Officer Jim Baker testified that Appellant acknowledged he had falsified the document and caused
it to be submitted to the water authority. The evidence establishes that Appellant filled out a blank
sampling form with knowledge that it was false and intended, by leaving instructions for Pena to
deliver it to the District, that it be taken as a genuine governmental record. See Tex.Penal Code
Ann. § 37.10(a)(2). Reviewing the evidence in both the light most favorable to the verdict and in
a neutral light, the evidence was sufficient to support Appellant's conviction. See Sorto, 173 S.W.3d
at 472 (if the evidence is sufficient to support any one of the theories charged, we will affirm the
jury's verdict). (2) We overrule Issues Two and Three and affirm the judgment as reformed.



January 31, 2008 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. A person commits the offense of tampering with a governmental record under Texas Penal Code
Section 37.10(a)(1) if he "knowingly makes a false entry in, or false alteration of, a governmental record." Tex.Penal
Code Ann. § 37.10 (a)(1).
2. The evidence was also sufficient to support a conviction under Penal Code Section 37.10 (a)(5) because
Appellant made a governmental record with knowledge that it was false. See Tex.Penal Code Ann. § 37.10 (a)(5). 
He admitted to executing the form prior to going on vacation.  He prepared for Pena a to-do list that included taking
water samples from the pump station. And he admitted during trial that Pena had testified truthfully Once received by
the District, the form was maintained as part of its legal records. See Tex.Penal Code Ann. § 37.01 (2)(A).