Opinion issued July 31, 2008











 





In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00129-CR






AARON MUNIZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the County Court

Colorado County, Texas

Trial Court Cause No. 19,654






O P I N I O N


 Appellant, Aaron Muniz, pleaded guilty to the offense of driving while
intoxicated. (1) Pursuant to a plea agreement, the trial court assessed punishment at 180
days' confinement, suspended for nine months of community supervision, and a $300
fine.

 In his sole issue, appellant contends that the trial court erred by overruling his
motion to suppress the result of his blood alcohol test because the blood sample was
drawn without a proper search warrant.

 We affirm.

Background

 At approximately 1:30 a.m. on August 5, 2006, Colorado County Deputy
Sheriff Randy Thumann discovered a truck parked in the middle of a narrow county
road. As Deputy Thumann approached, the truck drove away. Deputy Thumann
turned on his emergency lights, and the truck stopped. The driver of the truck, later
identified as appellant, got out and began walking toward Deputy Thumann, who
instructed him to stop. Appellant told Deputy Thumann that he had just come from
the Schulenburg Festival and was looking for a party. Appellant admitted that he had
been drinking.

 Deputy Thumann spoke with the passenger in the truck and noticed a strong
odor of alcohol on his breath. Deputy Thumann also noticed two beer cans--one
open and one closed--in the center console of the truck. Deputy Thumann returned
to appellant and asked how much he had had to drink. Appellant stated that he could
not recall. Deputy Thumann noticed a strong odor of alcohol emanating from
appellant and that he slurred his speech. Appellant was off-balance when he walked. 
Appellant refused to submit to field sobriety testing and was arrested. At the jail,
appellant refused breath and blood testing. 

 Deputy Thumann prepared a blood search warrant affidavit and presented it to
Colorado County Precinct Three Justice of the Peace Francis Truchard. Judge
Truchard signed the warrant at 3:48 a.m. Mark Rotter, a medical lab technician at
Columbus Community Hospital, testified that he took appellant's blood sample at
4:05 a.m. The test showed that appellant's blood alcohol concentration was 0.14.

 Appellant moved to suppress the results of his blood alcohol test, complaining
that the search warrant was improperly issued by a justice of the peace in Colorado
County who was not authorized to issue such warrant; that the blood was not taken
within a reasonable period of time after the traffic stop; and that the person who drew
the blood was not a qualified technician.

 The next day, appellant and his counsel signed an agreement with the State
stipulating that 


 [t]here are no factual disputes regarding how the search warrant in this
case was obtained. The issue before this Court is whether Justice
Truchard had the authority to sign a Tex. Code Crim. Proc. art. 18.02
search warrant under the exceptions provided by (d) and (i) of Tex.
Code Crim. Proc. art. 18.01 in this case.


In addition, appellant waived, for purposes of the stipulation, the appearance,
confrontation, and cross-examination of witnesses. After a hearing, the trial court
approved the stipulation and waiver, and denied the motion to suppress.

 Appellant pleaded guilty pursuant to an agreement with the State, and appellant
reserved the right to appeal the ruling on the motion to suppress.

 Motion to Suppress


 Appellant contends that the trial court erred by overruling his motion to
suppress the result of his blood alcohol test because the blood sample was taken
without a proper search warrant. Specifically, appellant contends that Colorado
County Precinct Three Justice of the Peace Francis Truchard did not have
authorization under the Texas Code of Criminal Procedure to sign the search warrant.

A. Standard of Review 

 We apply a bifurcated standard to review a trial court's ruling on a motion to
suppress evidence; we give almost total deference to a trial court's determination of
historical facts and review de novo the trial court's application of the law. Maxwell
v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Statutory construction is a
question of law. State v. Vasilas, 187 S.W.3d 486, 488 (Tex. Crim. App. 2006). 

 In construing a statute, we seek to give effect to the purpose of the legislators
who enacted the legislation. Id. We begin with the plain language of the statute in
order to discern its meaning because we "presume that the legislature meant what it
said." Id. We interpret words and phrases in context and construe them according
to the rules of grammar and common usage. Tex. Gov't Code Ann. § 311.011
(Vernon 2005) (governing principles of construction of words and phrases under
"Code Construction Act"); see also Vasilas, 187 S.W.3d at 489 (applying Code
Construction Act to interpret articles of Texas Code of Criminal Procedure). We
presume that an entire statute is to be effective, and we may consider the objective to
be attained. Tex. Gov't Code Ann. §§ 311.021, 311.023 (Vernon 2005). 

 We give effect to the plain meaning of the statutory text unless the "application
of a statute's plain language would lead to absurd consequences that the Legislature
could not possibly have intended[.]" Ex parte Noyola, 215 S.W.3d 862, 866 (Tex.
Crim. App. 2007) (quoting Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App.
1991)). "If the plain language of a statute would lead to absurd results, or if the
language is not plain but rather ambiguous, then and only then, out of absolute
necessity, is it constitutionally permissible for a court to consider, in arriving at a
sensible interpretation, such extratextual factors as executive or administrative
interpretations of the statute or legislative history." State v. Neesley, 239 S.W.3d 780,
783 (Tex. Crim. App. 2007).

B. Applicable Law

 Generally, the taking of a blood sample is a search and seizure within the
meaning of the Fourth Amendment to the United States Constitution. Schmerber v.
California, 384 U.S. 757, 767-69, 86 S. Ct. 1826, 1834-35 (1966). Therefore,
Article 1, section 9, of the Texas Constitution requires that a search warrant be issued. 
Escamilla v. State, 556 S.W.2d 796, 798-99 (Tex. Crim. App. 1977). Article 38.23
of the Texas Code of Criminal Procedure forbids any evidence obtained in violation
of the law to be admitted against an accused. Tex. Code Crim. Proc. Ann. art.
38.23(a) (Vernon 2005). 

 The Texas Transportation Code provides that if a person is arrested and a peace
officer has reasonable grounds to believe that the person is intoxicated while
operating a motor vehicle in a public place, the officer may request that a specimen
of the person's blood be taken. Tex. Transp. Code Ann. § 724.012 (a) (Vernon
Supp. 2007). With exception not applicable in this case, the blood sample may not
be taken if the person refuses to consent. Id. § 724.013. Here, it is undisputed that
appellant refused to consent to a blood test. Hence, a search warrant was required. 
See Smith v. State, 557 S.W.2d 299, 301-02 (Tex. Crim. App. 1977).

 Pursuant to Texas Code of Criminal Procedure article 18.02(10), a search
warrant may be issued to search for and seize, inter alia, "property or items . . .
constituting evidence of an offense or constituting evidence tending to show that a
particular person committed an offense." Tex. Code Crim. Proc. Ann. art.
18.02(10) (Vernon 2005). Blood is an "item" of evidence within the meaning of
article 18.02(10). Gentry v. State, 629 S.W.2d 77, 80 (Tex. App.--Dallas 1981),
aff'd, 640 S.W.2d 899 (Tex. Crim. App. 1982).

 The issuance of a search warrant for "items" in article 18.02(10) requires that
the peace officer first present to a magistrate a sworn affidavit setting forth sufficient
facts to establish probable cause. Tex. Code Crim. Proc. Ann. art. 18.01(c) (Vernon
Supp. 2007). (2) Generally, pursuant to article 18.01(c), "only a judge of a municipal
court of record or county court who is an attorney licensed by the State of Texas,
statutory county court, district court, the Court of Criminal Appeals, or the Supreme
Court may issue warrants pursuant to [article 18.02(10)]." Id. However, article
18.01(i) provides an exception, as follows in relevant part: "In a county . . . in which
the only judges serving the county who are licensed attorneys are two or more district
judges each of whose districts includes more than one county, any magistrate may
issue a search warrant under [article 18.02(10)]." (3) A "magistrate" includes, among
others, justices of the peace. Tex. Code Crim. Proc. Ann. art. 2.09 (Vernon 2005).

C. Analysis

 Appellant contends that article 18.01(i), as emphasized above, did not authorize
Colorado County Justice of the Peace Francis Truchard to sign the search warrant in
this case.

 We first consider the plain language of the statute, interpret the words in
context, and construe them according to the rules of grammar and common usage. 
See Tex. Gov't Code Ann. § 311.011. We presume that the entire statute is to be
effective, and we may consider the objective to be attained. Id. §§ 311.021, 311.023. 

 Because a justice of the peace is not listed as a judge authorized to sign a
search warrant in article 18.01(c), Judge Truchard's authorization to sign the warrant
in this case could only have been as "any magistrate" under the exception at article
18.01(i). Under the pertinent language of the exception, Judge Truchard was
authorized to issue the warrant if Colorado County is a county "in which the only
judges serving the county who are licensed attorneys are two or more district judges
each of whose districts includes more than one county." (4) At issue in this case is the
interpretation of the emphasized portion of that language.

 In Colorado County, the Honorable Dwight Peschel presides over the 25th
District Court, and the Honorable W.C. Kirkendall presides over the Second 25th
District Court. Judges Peschel and Kirkendall are licensed attorneys. The 25th and
Second 25th district courts have concurrent jurisdiction over the counties of
Colorado, Gonzales, Guadalupe, and Lavaca. See Tex. Gov't Code Ann. § 24.126
(Vernon 2004). The judges of the 25th and the Second 25th judicial districts may
hear and dispose of any suit or proceeding on either court's docket without
transferring the suit or proceeding. Id. Hence, serving Colorado County are "two
or more district judges each of whose districts includes more than one county" and
these judges are licensed attorneys. However, Judges Peschel and Kirkendall are not
"the only judges serving the county who are licensed attorneys." 

 Appellant contends that, at the time that the warrant was issued in this case,
Colorado County did not fall under the exception because there were two other judges
serving the county who were licensed attorneys, namely, Leonard Peters, municipal
judge for the City of Columbus, and George Cason, Justice of the Peace for Precinct
4 and municipal judge of Eagle Lake, Texas. 

 The State contends that appellant's reading of the statute renders the exception
meaningless and leads to an absurd result because other language in article 18.01
prohibited Judges Peters and Cason from signing article 18.02(10) warrants. We
agree. 

 Although Judges Peters and Cason are licensed attorneys, article 18.01(c) did
not permit either of them to sign evidentiary warrants concerning items in article
18.02(10) because the municipal courts of Columbus and Eagle Lake are not
municipal courts of record. See Tex. Code Crim. Proc. Ann. art. 18.01(c) (requiring
municipal judge to be of municipal court of record); Tex. Gov't Code Ann.
§§ 30.00001-.01904 (Vernon 2004 & Supp. 2007). As Judge Peters testified at the
hearing on the motion to suppress, neither Judge Peters nor Judge Cason could serve
Colorado County by issuing article 18.02(10) search warrants absent the article
18.01(i) exception that allows "any magistrate" to sign the warrant. Hence, under the
interpretation appellant advances, Judges Peters and Cason, as licensed attorneys,
rendered the exception inapplicable, notwithstanding that, as judges, they could not
sign article 18.02(10) warrants. Such a consequence is absurd.

 In addition, appellant's interpretation renders the exception meaningless
because it returns the peace officers of Colorado County to the status that gave rise
to the legislation in 2001 that created the very exception at issue. In 2001, because
the two district judges who served Colorado County did not reside there and peace
officers in Colorado County were being forced to travel across four counties to secure
evidentiary warrants, the legislature added the language at issue herein to the article
18.01(i) exception to allow "any magistrate" to issue an article 18.02(10) warrant in
any county "in which the only judges serving the county who are licensed attorneys
are two or more district judges each of whose districts includes more than one
county." See House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B.
1999, 77th Leg., R.S. (2001). 

 As the State points out, when the district judges of a county are serving more
than one county and peace officers are forced to travel and spend considerable time
to find the judge across multiple counties, there is a risk of loss or destruction of
evidence. The plain purpose of the exception is to facilitate the timely issuance of a
warrant to prevent the loss or destruction of evidence by allowing a peace officer to
seek the warrant from any magistrate. Under appellant's interpretation of the statute,
a Colorado County peace officer is returned to the position of having to travel across
four counties to seek out one of the two district judges to sign an article 18.02(10)
warrant.

 We recognize that, "where a statute is clear and unambiguous, the Legislature
must be understood to mean what it has expressed, and it is not for the courts to add
or subtract from such a statute." State v. Mancuso, 919 S.W.2d 86, 87-88 (Tex.
Crim. App. 1996). We will not, however, give effect to a statute's plain meaning
when such an interpretation produces an absurd result. See Ex parte Noyola, 215
S.W.3d at 866; Mancuso, 919 S.W.2d at 87-88. The rationale underlying this
exception to the "plain meaning" rule is the refusal to attribute to the legislature a
desire to reach an absurd result. See Boykin, 818 S.W.2d at 785. 

 Construing the statute as a whole, the only logical reading of the article
18.01(i) exception is that it authorizes "any magistrate" to sign an article 18.02(10)
warrant in those circumstances in which the only judges serving a county who are
licensed attorneys and who are authorized to issue article 18.02(10)search warrants
are district judges serving more than one county. Here, the article 18.01(i) exception
applies because the two judges serving Colorado County who are licensed attorneys
and who are authorized to issue article 18.02(10) search warrants are district judges
Peschel and Kirkendall, whose districts include more than one county. 

 We conclude that interpreting the statute in the manner advanced by appellant
would lead to an absurd result. We must favor a construction that gives effect to the
statute's plain meaning without producing an absurd result. See Mosley v. State, 983
S.W.2d 249, 256 (Tex. Crim. App. 1998). We conclude that, at the time that the
warrant was issued herein, Colorado County fell within the exception of article
18.01(i) and therefore Justice of the Peace Truchard, as "any magistrate," was
authorized to issue the evidentiary search warrant in this case. See Tex. Code Crim.
Proc. Ann. art. 2.09, 18.01(c), (i). We hold that the trial court did not err by denying
appellant's motion to suppress the result of his blood alcohol testing on this basis.

 Appellant presents the following statements in his brief as a subissue, without
any discussion: 

 7. The warrant was illegally issued because the affidavit did not
show probable cause sufficient to justify the issuance of the
search warrant, because the magistrate who issued it did not have
a substantial basis for concluding that probable cause existed, i.e.,
that the alleged contraband would be found in a particular place,
and thus did not meet the totality of the circumstances analysis
adopted in Illinois v. Gates, 103 S. Ct. 2317 (1983).


 8. The search [sic] was illegally issued for the reason that the
information contained in the affidavit was stale; the magistrate
could not tell from the affidavit when the alleged offense took
place.




 Because appellant's brief does not contain clear and concise argument for the
contentions made with appropriate citations to authorities and to the record, we
conclude that appellant has not properly briefed these points for review. See Tex. R.
App. P. 38.1(h). Moreover, the record does not show that appellant moved to
suppress the warrant on these bases in the trial court. The record shows that appellant
stipulated in writing in the trial court that "[t]here are no factual disputes regarding
how the search warrant in this case was obtained" and that the sole issue before the
trial court was whether Justice Truchard had the authority to sign the search warrant.

 We overrule appellant's issue.

Conclusion


We affirm the judgment of the trial court.

 

 


Laura Carter Higley

Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.


Publish. See Tex. R. App. P. 47.2(b).
1. See Tex. Penal Code Ann. § 49.04 (Vernon 2003).
2. The affidavit must show (1) that a specific offense has been committed, (2) that the
specifically described property or items that are to be searched for or seized constitute
evidence of that offense or evidence that a particular person committed that offense,
and (3) that the property or items constituting evidence to be searched for or seized
are located at or on the particular person, place or thing to be searched
.
3. See Act of May 17, 2001, 77th Leg., R.S., ch. 1395, § 1, 2001 Tex. Gen. Laws 3600,
3600, amended by Act of May 23, 2007, 80th Leg., R.S., ch. 748, § 1, 2007 Tex. Gen.
Laws 1552, 1552 (current version at Tex. Code Crim. Proc. Ann. art. 18.01(i)
(Vernon Supp. 2007)). The 2007 amendments apply to a search warrant issued on or
after the effective date of the Act, which was September 1, 2007. See Act of May 23,
2007, 80th Leg., R.S., ch. 748, § 2, 2007 Tex. Gen. Laws 3600, 3600, amended by
Act of May 23, 2007, 80th Leg., R.S., ch. 748, § 1, 2007 Tex. Gen. Laws 1552, 1552
Because the warrant in this case was issued on August 5, 2006, we apply the law in
effect at that time.
4. See Act of May 17, 2001, 77th Leg., R.S., ch. 1395, § 1, 2001 Tex. Gen. Laws 3600,
3600, amended by Act of May 23, 2007, 80th Leg., R.S., ch. 748, § 1, 2007 Tex. Gen.
Laws 1552, 1552 (current version at Tex. Code Crim. Proc. Ann. art. 18.01(i)
(Vernon Supp. 2007)). (Emphasis added.)