PD-0188-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/18/2015 1:39:39 PM
Accepted 2/19/2015 10:18:51 AM
ABEL ACOSTA
CLERK

TO THE

# COURT OF CRIMINAL APPEALS

## OF TEXAS

---

## CAMERON SCOTT MOSELEY, Petitioner

## VS.

## THE STATE OF TEXAS, Respondent

---

## PETITION FOR DISCRETIONARY REVIEW

---

## FROM THE

## NINTH COURT OF APPEALS

## 09-14-00279-CR

---

FILED IN
COURT OF CRIMINAL APPEALS

February 19, 2015

ABEL ACOSTA, CLERK

SETH EVANS
State Bar No. 24045852
THE EVANS LAW FIRM, PLLC
Lawyers
507 North Washington Ave.
Livingston, Texas 77351
Tel: 936/327-0232
Fax: 936/327-0233
Email: evanslawyers@gmail.com

**ATTORNEY FOR PETITIONER**

# IDENTITY OF PARTIES AND COUNSEL

**JUDGE:**

HON. DAVID WILSON, Presiding
258th Judicial District
Polk County Judicial Center
101 W. Mill St., Suite 286
Livingston, Texas 77351

**APPELLANT:**

**CAMERON SCOTT MOSELEY**
Inmate #04814287
295 IH-45 North
Huntsville, Texas 77320

**APPELLANT'S TRIAL
COUNSEL AND
APPELLATE COUNSEL:**

SETH EVANS
507 N. Washington Ave.
Livingston, Texas 77351

**APPELLEE:**

**THE STATE OF TEXAS**

**APPELLEE'S TRIAL
COUNSEL AND
APPELLEE'S
APPELLATE COUNSEL:**

BRIAN FOLEY
Assistant Criminal District Attorney
WILLIAM LEE HON
Criminal District Attorney
Polk County District Attorney's Office
101 W. Mill St., Suite 247
Livingston, Texas 77351

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL..........................................................i

TABLE OF CONTENTS......................................................................ii

INDEX OF AUTHORITIES.................................................................iii

STATEMENT OF THE CASE................................................................1

STATEMENT REGARDING ORAL ARGUMENT.......................................1

STATEMENT OF PROCEDURAL HISTORY.............................................1

GROUNDS FOR REVIEW...............................................................1-2

     **1.**     **Whether the Court of Appeals erred when it held the trial court's order granting the motion to quash should be reversed.**

ARGUMENT...............................................................................2-4

PRAYER.....................................................................................4-5

CERTIFICATE OF SERVICE...........................................................5-6

CERTIFICATE OF COMPLIANCE.......................................................6

APPENDIX:     Opinion of the Court of Appeals

# INDEX OF AUTHORITIES

**CASES:**

*Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)................................3

*Camacho v. State*, 765 S.W.2d 431 (Tex. Crim. App. 1989)................................3-4

*State v. Vasilias*, 187 S.W.3d 486, 488 (Tex. Crim. App. 2006)...........................3

**STATUTES AND RULES:**

TEX. HEALTH & SAFETY CODE § 481.1031................................................2-4

TEX. HEALTH & SAFETY CODE § 481.113....................................................2

TEX. R. APP. P. 66.3.............................................................................4

## STATEMENT OF THE CASE

Appellant was indicted for the offense of Possession with Intent to Deliver a Controlled Substance in Penalty Group 2-A under Texas Health and Safety Code § 481.113(e). Appellant filed a "Motion to Quash and Exception to Substance of the Indictment," alleging that no controlled substance listed in Penalty Group 2-A was named in the indictment and that the use of the controlled substance analogue provision of the Texas Health and Safety Code was not allowed for substances alleged to be analogous to the controlled substances listed in Penalty Group 2-A. Appellant's motion was granted on June 16, 2014.

## STATEMENT OF PROCEDURAL HISTORY

On February 4, 2015 the Ninth Court of Appeals reversed the trial court's order granting the motion to quash and remanded the case back to the trial court. *See* Appendix. No motion for rehearing was filed by either party.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument only to the extent the Court believes it would assist the Court in understanding the factual background of the case or the legal issues presented.

## GROUNDS FOR REVIEW

**1.  Whether the Court of Appeals erred when it held the trial**

1

**court's order granting the motion to quash should be reversed.**

## ARGUMENT

Appellant was indicted for allegedly violating Health and Safety Code § 481.113(e). [CR: p. 5].

Health and Safety Code § 481.113 states that, "a person commits an offense if the person knowingly manufactures, delivers, or possesses with the intent to deliver a controlled substance *listed* in Penalty Group 2 or 2-A". *See* TEX. HEALTH & SAFETY CODE § 481.113 (emphasis added).

Texas Health and Safety Code § 481.1031, which is otherwise known as Penalty Group 2-A, sets forth a broad category, the word "including", and then a lengthy and specific list of substances in the category. *See* TEX. HEALTH & SAFETY CODE § 481.1031.

The indictment against Appellant in this case does not name any specific substance that is listed in Penalty Group 2-A, but rather it alleges Appellant was in possession of a substance matching the characteristics of the broad category (a substance that "consists of any quantity of a synthetic chemical compound that is a cannabinoid receptor agonist and mimics the pharmacological effect of naturally occurring cannabinoids"). [CR: p. 5].

2

At the trial court, Appellant argued that the indictment should be quashed because no controlled substance listed in Penalty Group 2-A was named in the indictment and because the use of the controlled substance analogue provision of the Texas Health and Safety Code was not allowed for substances alleged to be analogous to the controlled substances listed in Penalty Group 2-A. [CR: p. 7].

When interpreting a statute, "we seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (en banc) (citing *Camacho v. State*, 765 S.W.2d 431 (Tex. Crim. App. 1989)).

In this case, the Court of Appeals cited this proposition, then boiled the case down to an analysis of the plain meaning of the word "including". *See* Appendix. The Court of Appeals also cited the case of *State v. Vasilias*, 187 S.W.3d 486, 488 (Tex. Crim. App. 2006) (which dealt with the interpretation of "including" in another context) and found that, although "including" is not actually defined in Chapter 481 of the Texas Health and Safety Code, "[t]he Legislature's definition of the term 'including' is clear and unambiguous" such that the specific list of substances in Penalty Group 2-A is a non-exclusive list. *See* Appendix.

However, in determining the meaning of a word employed in a statute, when the legislative purpose so requires, the inquiry is to the sense in which it is used. *See*

3

*Camacho v. State*, 765 S.W.2d at 433. A word may be given a broader or a narrower meaning than that which it has in ordinary usage. *Id.* The rule is that a statute that is susceptible to more than one construction will be interpreted so as to secure the benefit intended. *Id.*

Appellant believes the Court of Appeals has misconstrued Texas Health and Safety Code § 481.1031 because its interpretation is inconsistent with the remainder of the language and statutory scheme of Chapter 481's Penalty Groups and the offenses related to the Penalty Groups. The word "including" is used elsewhere in Chapter 481 and, in the context of the whole of Chapter 481, is susceptible to a construction that is different from the interpretation of the Court of Appeals.

Further, this issue appears to be a matter of first impression regarding an important question of state law that has not been, but should be, settled by the Court of Criminal Appeals.

Therefore, pursuant to Texas Rule of Appellate Procedure 66.3, this Court should grant review.

## PRAYER

For the foregoing reasons, it is respectfully submitted that this Honorable Court should grant this petition, and upon consideration of the merits of the case, reverse the judgment of the Court of Appeals, and affirm the trial court's granting of the

motion to quash.

Respectfully submitted,

THE EVANS LAW FIRM, PLLC
507 North Washington Ave.
Livingston, Texas 77351
Tel: 936/327-0232
Fax: 936/327-0233
Email: evanslawyers@gmail.com


BY: /s/ Seth Evans
    SETH EVANS
    State Bar No. 24045852

Lawyer for Appellant


## CERTIFICATE OF SERVICE

I, Seth Evans, do hereby certify that a true and correct copy of the above and foregoing APPELLANT'S BRIEF has been served on this the 18th day of February, 2015, addressed to:


William Lee Hon
Criminal District Attorney
Polk County, State of Texas
101 W. Mill St., Suite 247
Livingston, Texas 77351
lhon@co.polk.tx.us

5

Office of State Prosecuting Attorney of Texas
P. O. Box 13046
Austin, Texas 78711-3046

information@spa.texas.gov


/s/ Seth Evans
SETH EVANS


# CERTIFICATE OF COMPLIANCE

Pursuant to TRAP 9.4(i)(3) the number of words in this computer generated document is 1254.

# APPENDIX

# IN THE NINTH COURT OF APPEALS

09-14-00279-CR

The State of Texas

v.

Cameron Scott Moseley

On Appeal from the
258th District Court of Polk County, Texas
Trial Cause No. 23340

## JUDGMENT

THE NINTH COURT OF APPEALS, having considered this cause on appeal, concludes that the trial court's order should be reversed and the cause remanded to the trial court. IT IS THEREFORE ORDERED, that the trial court's order granting Cameron Scott Moseley's motion to quash and to dismiss the indictment is reversed. The cause is remanded to the trial court for further proceedings consistent with this Court's opinion.

Opinion of the Court delivered by Justice Charles Kreger

February 4, 2015

**REVERSED AND REMANDED**

\*\*\*\*\*\*\*\*\*\*

Copies of this judgment and the Court's opinion are certified for observance.

Carol Anne Harley
Clerk of the Court

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

---

NO. 09-14-00279-CR

---

THE STATE OF TEXAS, Appellant

V.

CAMERON SCOTT MOSELEY, Appellee

---

On Appeal from the 258th District Court
Polk County, Texas
Trial Cause No. 23340

---

## OPINION

The State of Texas appeals the trial court's order granting appellee Cameron Scott Moseley's motion to quash and to dismiss the indictment. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2014) ("The state is entitled to appeal an order of a court in a criminal case if the order . . . dismisses an indictment . . . or any portion of an indictment[.]"). The State argues the trial court erred in concluding that the State was required to allege in the indictment a controlled substance specifically identified by scientific name in section 481.1031

1

of the Texas Health and Safety Code when the non-exclusive list of prohibited substances included therein is part of a broadly-defined subclass of synthetic cannabinoids that includes the controlled substance alleged in Moseley's indictment. We reverse the trial court's order and remand the cause to the trial court for further proceedings.

## Background

Moseley was indicted for possession with the intent to deliver a controlled substance, as follows:

> [Moseley] did then and there intentionally or knowingly possess a controlled substance, namely a synthetic chemical compound that is a cannabinoid receptor agonist and mimics the pharmacological effect of naturally occurring cannabinoids of four hundred grams or more, including any adulterants or dilutants, with intent to deliver said controlled substance[.]

Moseley filed a motion to quash the indictment alleging that it does not appear from the substance of the indictment that Moseley committed an offense because (1) "no controlled substance listed in Penalty Group 2-A is named in the indictment[,]" and (2) "use of the 'controlled substance analogue' provisions of the Texas Health and Safety Code is not allowed for substances that are alleged to be analogous to the controlled substances listed in Penalty Group 2-A."

After conducting an oral hearing, the trial court granted the motion to quash and entered written findings of fact and conclusions of law. The trial court found

2

that both the State and Moseley agree that the substance at issue has the scientific name XLR – 11 and it is not identified by scientific name under Penalty Group 2-A. The trial court made the following conclusions: (1) the indictment fails to allege a controlled substance specifically listed by scientific name in section 481.1031, and should be dismissed; (2) the statutory language of section 481.1031 "creates an exclusive list of substances instead of a broadly defined subclass of synthetic cannabinoids supplemented by a list[,]" which precludes prosecution under Penalty Group 2-A "even if 'XLR – 11' is in fact a synthetic chemical compound that is a cannabinoid receptor agonist and mimics the pharmacological effect of naturally occurring cannabinoids[;]" and (3) "[t]he defendant never argued, and therefore waived for purposes of appeal, the issue that the indictment may have failed to provide notice because it did not include the name of the non-listed substance as 'XLR-11.'" The State timely filed its notice of appeal.

## Discussion

Whether an indictment sufficiently alleges an offense is a question of law subject to de novo review. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). To meet the accused's right to notice under both the United States and Texas Constitutions, the indictment "must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense." *Id.* Article 21.02 of the Texas Code of Criminal Procedure sets forth

3

requirements for an indictment and specifically provides that the "offense must be set forth in plain and intelligible words." Tex. Code Crim. Proc. Ann. art. 21.02(7) (West 2009). Article 21.03 provides that "[e]verything should be stated in an indictment which is necessary to be proved." *Id.* art. 21.03. Article 21.04 provides that "[t]he certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." *Id.* art. 21.04. An indictment that tracks the statutory language generally satisfies constitutional and statutory requirements, and the State need not allege facts that are merely evidentiary in nature. *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998). The trial court should grant a motion to quash "only where the language concerning the defendant's conduct is so vague or indefinite as to deny the defendant effective notice of the acts he allegedly committed." *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988) (en banc).

In this case, the indictment alleges that Moseley committed the offense of possession with the intent to deliver a controlled substance in Penalty Group 2-A. The State argues that although the indictment does not contain the name of a substance specifically identified in section 481.1031, its allegations are sufficient because it does allege the basic requirements set forth in the statute that a substance in Penalty Group 2-A be "a synthetic chemical compound that is a cannabinoid receptor agonist and mimics the pharmacological effect of naturally

4

occurring cannabinoids." The State contends that it may prosecute a defendant under Penalty Group 2-A for any substance that meets the basic requirements set forth in the statute and that the list following the basic requirements only creates a non-exclusive list of the substances which may be properly categorized under Penalty Group 2-A. The State maintains that any substance that meets the basic requirements identified in the statute is a "'listed'" substance under Penalty Group 2-A subject to prosecution under section 481.113 of the Texas Health and Safety Code. Moseley responds that Penalty Group 2-A contains an exclusive list of substances and an indictment alleging an offense under section 481.113 must allege manufacture, delivery, or possession with intent to deliver a substance that is specifically identified in Penalty Group 2-A.

Section 481.113(a) of the Health and Safety Code provides that "a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 2 or 2-A." Tex. Health & Safety Code Ann. § 481.113(a) (West Supp. 2014). Section 481.1031 identifies Penalty Group 2-A as consisting of "any quantity of a synthetic chemical compound that is a cannabinoid receptor agonist and mimics the pharmacological effect of naturally occurring cannabinoids, including: . . . ." *Id.* § 481.1031. After the word, "including[,]" the statute identifies certain named substances to be included in Penalty Group 2-A. *Id.*

5

The resolution of this case depends on the meaning of the word "including" as used in section 481.1031. Because statutory construction is a question of law, we review it de novo. *Johnson v. State*, 423 S.W.3d 385, 394 (Tex. Crim. App. 2014). In interpreting a statute, "we seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (en banc) (citing *Camacho v. State*, 765 S.W.2d 431 (Tex. Crim. App. 1989)). We begin our analysis by examining the plain language of the statute. *State v. Vasilas*, 187 S.W.3d 486, 488 (Tex. Crim. App. 2006) (citing *Boykin*, 818 S.W.2d at 785). The Court in *Boykin* explained,

> When attempting to discern this collective legislative intent or purpose, we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment. We do this because the text of the statute *is the law* in the sense that it is the only thing actually adopted by the legislators, probably through compromise, and submitted to the Governor for her signature. We focus on the literal text also because the text is the only *definitive* evidence of what the legislators (and perhaps the Governor) had in mind when the statute was enacted into law. There really is no other certain method for determining the collective legislative intent or purpose at some point in the past, even assuming a single intent or purpose was dominant at the time of enactment. Yet a third reason for [focusing] on the literal text is that the Legislature is *constitutionally entitled* to expect that the Judiciary will faithfully follow the specific text that was adopted.

818 S.W.2d at 785. If, after analyzing the literal text of the statute, we find that it is clear and unambiguous, we give effect to the plain meaning of the statute. *See Vasilas*, 187 S.W.3d at 488-89 (citing *Boykin*, 818 S.W.2d at 785). However,

6

where a statute's language is ambiguous or where application of the statute's plain language leads to absurd results, we may consider executive or administrative interpretations of the statute or legislative history. *Boykin*, 818 S.W.2d at 785-86.

Chapter 481 of the Health and Safety Code does not define "include" or "including." *See* Tex. Health & Safety Code Ann. § 481.001-.354 (West 2010 & Supp. 2014). Section 1.002 of the Health and Safety Code indicates that the Code Construction Act applies in the construction of its provisions unless expressly stated otherwise. *Id.* § 1.002 (West 2010). The Code Construction Act provides generally that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Tex. Gov't Code Ann. § 311.011(a) (West 2013). But, "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." *Id.* § 311.011(b). In section 311.005(13), the Legislature indicated the meaning it intends to be given to the word "including" unless the statute or context in which the word is used indicates a different definition is required. *See id.* § 311.005(13). "'Includes' and 'including' are terms of enlargement and not of limitation or exclusive enumeration, and use of the terms does not create a presumption that components not expressed are excluded." *Id.* The Court of Criminal Appeals has relied on section 311.005(13) to interpret the statutory meaning of the term "including" as a term of enlargement and not

7

exclusion. *See Vasilas*, 187 S.W.3d at 489-90. In the civil law context, this Court has interpreted the word "'including'" as suggesting "an illustrative list rather than an exclusive one." *Wang v. Wen-Ning Lee*, 256 S.W.3d 862, 868 (Tex. App.— Beaumont 2008, no pet.). "The verb *to include* introduces examples, not an exhaustive list." ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 132 (2012). We discern nothing from the context in which "including" is used in section 481.1031 to indicate that we must disregard either the common meaning of the term "including" or the definition provided by the Legislature in the Code Construction Act. *See* Tex. Health & Safety Code Ann. § 481.1031.

The Legislature's definition of the term "including" is clear and unambiguous. In applying this definition to section 481.1031, we conclude the specific list of substances identified in the statute is non-exclusive and Penalty Group 2-A should be interpreted as including any "synthetic chemical compound that is a cannabinoid receptor agonist and mimics the pharmacological effect of naturally occurring cannabinoids[.]" *Id.* § 481.1031. This interpretation does not lead to an absurd result. There is nothing absurd about the Legislature drafting the statute to allow for the inclusion of those substances not yet identified by name when the statute was drafted, but that share the characteristics identified in the statute as constituting Penalty Group 2-A.

8

Because the plain language of the statute unambiguously allows Moseley to be charged with possession of any substance specifically identified in the statute or that otherwise is a "synthetic chemical compound that is a cannabinoid receptor agonist and mimics the pharmacological effect of naturally occurring cannabinoids," Moseley's indictment, which tracks the statutory language, is sufficient to notify Moseley of the charges against him and to allow him to prepare a defense. *See Mays*, 967 S.W.2d at 406. The trial court erred in granting Moseley's motion to quash. We sustain the State's sole issue on appeal, reverse the trial court's order, and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
CHARLES KREGER
Justice

Submitted on December 18, 2014
Opinion Delivered February 4, 2015

Before McKeithen, C.J., Kreger and Horton, JJ.

cc:   Krista Strouse (DELIVERED VIA E-MAIL)
      Kathy E. Clifton (DELIVERED VIA E-MAIL)
      Judge 258th District Court (DELIVERED VIA E-MAIL)