

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-19-00248-CR

Michael Cesar **FERNANDEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR13555
Honorable Stephanie R. Boyd, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
               Patricia O. Alvarez, Justice
               Beth Watkins, Justice

Delivered and Filed: April 1, 2020

AFFIRMED

Appellant Michael Cesar Fernandez was charged with making a false entry in a Bexar County Adult Detention Center Facility Incident Report—a governmental record. The jury found him guilty, and the trial court sentenced him. On appeal, Fernandez challenges the sufficiency of the evidence in two issues: whether the report was a governmental record when he made an entry in it, and whether he knowingly made a false entry. We affirm the trial court's judgment.

## BACKGROUND

Fernandez was a Bexar County Sheriff's Deputy assigned to the booking security desk at the Bexar County Adult Detention Center. He was checking an inmate, Mr. Ramos, out of the detention center when Ramos became impatient, got up from his bench seat, walked over to the booking counter, and asked whether he was going to be released soon. Fernandez and Ramos exchanged foul words, and Ramos walked away. Fernandez approached Ramos and ordered him to sit down; then, a physical altercation followed. In the altercation, which was captured by a video camera, Fernandez punched Ramos in the face several times. As required by internal procedures, Fernandez completed a Facility Incident Report about the altercation.

In his report, Fernandez wrote that after Ramos did not obey his first command to sit down, Fernandez tried to force him to sit. This interaction led, according to Fernandez, to inadvertently striking Ramos's face. Fernandez's report read in part as follows:

> At this time, I walked over to where Inmate Ramos was standing [,] and I gave him another verbal order to be seated. As I put my hand around his left arm to assist him to sit down, Inmate Ramos pulled away from me in a fast and threatening manner while both his hands were clenched in an [sic] fist position. I then grabbed both of Inmate Ramos's arms and gave verbal orders to get on the floor. Inmate Ramos was resisting me on going to the floor by tightening up his body. As I was attempting to get Inmate Ramos on the floor to avoid injury to myself or Inmate Ramos, I inadvertently struck Inmate Ramos on the left side of his face with the palm of my left hand as I was trying to create distance on the way down to the floor.

Fernandez wrote nothing about punching Ramos several times in the face. Fernandez signed and submitted the report to his supervisor for approval and filing.

A detective with the Public Integrity Unit later reviewed the video recording of the incident and determined that Fernandez's contact with the inmate's face was not inadvertent.

Fernandez was charged with tampering with a governmental record—the Facility Incident Report—and a jury found him guilty. Fernandez appeals.

**WAS THE FACILITY INCIDENT REPORT A GOVERNMENTAL RECORD AT THE TIME OF FERNANDEZ'S ENTRY?**

In his first issue, Fernandez argues that the evidence was insufficient for the jury to find that the Facility Incident Report was a governmental record when he made an entry. The State responds that Fernandez prepared the record in his official capacity as a Bexar County detention officer and that it was a governmental record when he made the incriminating entry.

**A. Standard of Review**

In reviewing a sufficiency challenge, we view the evidence "in the light most favorable to the verdict," *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)), and decide whether a rational juror making reasonable inferences could find the essential elements of a charged crime proven beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). If the sufficiency of the evidence depends on the construction of a statute, we review the statute de novo. *See Chambers v. State*, 580 S.W.3d 149, 156 (Tex. Crim. App. 2019) (citing *Liverman v. State*, 470 S.W.3d 831, 836 (Tex. Crim. App. 2015)); *see also Long v. State*, 535 S.W.3d 511, 519 (Tex. Crim. App. 2017).

**B. Applicable Law**

"A person commits an offense if he . . . (1) knowingly makes a false entry in, or false alteration of, a governmental record . . . ." TEX. PENAL CODE ANN. § 37.10(a)(1); *Hernandez v. State*, 577 S.W.3d 361, 366 (Tex. App.—Houston [14th Dist.] 2019). A governmental record is "anything belonging to, received by, or kept by government for information, including a court record." TEX. PENAL CODE ANN. § 37.01(2)(A); *Hernandez v. State*, 577 S.W.3d at 366. A governmental record can include an officer's report or a judge's warrant, starting at its inception if it is made at work for an official purpose. *Hernandez*, 577 S.W.3d at 368; *Lewis v. State*, 773

S.W.2d 689, 692 (Tex. App.—Corpus Christi 1989, pet. ref'd). An officer's report belongs to the government if, for example, an officer is required to produce it as part of his duties and then creates and stores it on a work computer in the department's database as a means of documenting information for the department. *See Hernandez*, 577 S.W.3d at 368. An officer violates section 37.10 by creating a governmental record and writing a false entry in it simultaneously. *See Lewis*, 773 S.W.2d at 692.

## C. Arguments & Analysis

Fernandez argues his Facility Incident Report was not a governmental record at the time he completed it. He relies on a line of cases regarding private individuals entering false statements on documents they later submitted to the government to support his argument. *See State v. Vasilas*, 187 S.W.3d 486, 491 (Tex. Crim. App. 2006); *Ex parte Graves*, 436 S.W.3d 395, 396 (Tex. App.— Texarkana 2014, pet. ref'd); *Pokladnik v. State*, 876 S.W.2d 525, 527 (Tex. App.—Dallas 1994, no writ); *Constructors Unlimited, Inc. v. State*, 717 S.W.2d 169, 174 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd). But as described in *Hernandez*, "these cases involve entries made by non-governmental actors on documents not owned by or in the custody of a governmental agency." 577 S.W.3d at 367. They fall under the "received by" portion of Section 37.01, defining a governmental record. *Id*. The cases are inapposite here, because Fernandez was a county-employed deputy. *See id*.

As a county-employed deputy working at the Bexar County Detention Center, Fernandez was required to generate, complete, and submit a Facility Incident Report after any issue or altercation. Corporal Guerra, the custodian of records for the Bexar County Detention Center, testified that deputies are trained on writing these reports. Sergeant Gonzalez, the Public Integrity Unit detective who reviewed Fernandez's case, testified that statements contained in incident

reports are considered official. Corporal Guerra testified that reports are submitted to the custodian of records at the detention center after they are reviewed by a submitting deputy's commander.

Based on the testimony of Corporal Guerra and Sergeant Gonzalez, Fernandez was acting in his official capacity as a detention officer when he completed the report about his altercation with Ramos, and the purpose of the report was to keep accurate and credible records at the detention center. Therefore, the report was an official governmental record. *See Hernandez*, 577 S.W.3d at 368; *Lewis*, 773 S.W.2d at 692.

We overrule Fernandez's first issue and turn to his second issue.

### DID FERNANDEZ KNOWINGLY MAKE A FALSE ENTRY?

In his second issue, Fernandez argues that the evidence was insufficient for the jury to find he knowingly made a false entry in his report.

### A. Standard of Review

The sufficiency standard remains the same as above: we view the evidence in the light most favorable to the verdict to determine whether a rational jury could have convicted the defendant. *See Gear*, 340 S.W.3d at 746 (citing *Hooper*, 214 S.W.3d at 13); *Brooks*, 323 S.W.3d at 902 (citing *Jackson*, 443 U.S. at 319). Overall, we look to see whether there is more than a modicum of evidence and whether there is no definitive reasonable doubt. *See Gilbert v. State*, 429 S.W.3d 19, 21 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citing *Kiffe v. State*, 361 S.W.3d 104, 107 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd)).

### A. Applicable Law

Tampering with a governmental record requires proof the defendant knowingly made a false entry in the government document. TEX. PENAL CODE ANN. § 37.10(a)(1); *Hernandez*, 577 S.W.3d at 366.

B. **Analysis**

The video evidence showed Fernandez punching the inmate in the face five or six times with a closed fist. Fernandez only reported inadvertently striking Ramos in the face with his palm, which did not occur at all. Ramos testified, and photo evidence showed, he sustained an injury to the left side of his face from his altercation with Fernandez. Sergeant Gonzalez testified Fernandez's report did not match the evidence. Rather, the evidence showed he used more force than necessary to control a situation with Ramos. This was a violation of the department's policy, which is strictly applied according to Sergeant Gonzalez.

We conclude that a rational jury could infer that Fernandez falsely reported the incident to avoid being sanctioned for using excessive force under the circumstances. *See Wingo v. State*, 143 S.W.3d 178, 188 (Tex. App.—San Antonio 2004), *aff'd,* 189 S.W.3d 270 (Tex. Crim. App. 2006) (concluding that evidence was legally sufficient where it was rational for a jury to infer that the defendant falsified an incident report to conceal his conduct and avoid getting administratively sanctioned or reprimanded by the department).

CONCLUSION

Having reviewed the evidence under the applicable standard of review, we conclude the evidence was sufficient for the jury to have found that (1) the Facility Incident Report was a governmental record, and (2) Fernandez knew his statement that he inadvertently struck the inmate was false. Therefore, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

Publish