**Aaron MUNIZ, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 01–07–00129–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 31, 2008.

Jay E. Johannes, Assistant County Attorney, Columbus, TX, for Appellant.

Carolyn C. Olson, Assistant County Attorney, John Julian Moore, Law Offices of John Julian Moore, Columbus, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

Appellant, Aaron Muniz, pleaded guilty

to the offense of driving while intoxicated.[1] Pursuant to a plea agreement, the trial court assessed punishment at 180 days' confinement, suspended for nine months of community supervision, and a $300 fine.

In his sole issue, appellant contends that the trial court erred by overruling his motion to suppress the result of his blood alcohol test because the blood sample was drawn without a proper search warrant.

We affirm.

## Background

At approximately 1:30 a.m. on August 5, 2006, Colorado County Deputy Sheriff Randy Thumann discovered a truck parked in the middle of a narrow county road. As Deputy Thumann approached, the truck drove away. Deputy Thumann turned on his emergency lights, and the truck stopped. The driver of the truck, later identified as appellant, got out and began walking toward Deputy Thumann, who instructed him to stop. Appellant told Deputy Thumann that he had just come from the Schulenburg Festival and was looking for a party. Appellant admitted that he had been drinking.

Deputy Thumann spoke with the passenger in the truck and noticed a strong odor of alcohol on his breath. Deputy Thumann also noticed two beer cans—one open and one closed—in the center console of the truck. Deputy Thumann returned to appellant and asked how much he had had to drink. Appellant stated that he could not recall. Deputy Thumann noticed a strong odor of alcohol emanating from appellant and that he slurred his speech. Appellant was off-balance when he walked. Appellant refused to submit to field sobriety testing and was arrested. At the jail, appellant refused breath and blood testing.

Deputy Thumann prepared a blood search warrant affidavit and presented it to Colorado County Precinct Three Justice of the Peace Francis Truchard. Judge Truchard signed the warrant at 3:48 a.m. Mark Rotter, a medical lab technician at Columbus Community Hospital, testified that he took appellant's blood sample at 4:05 a.m. The test showed that appellant's blood alcohol concentration was 0.14.

Appellant moved to suppress the results of his blood alcohol test, complaining that the search warrant was improperly issued by a justice of the peace in Colorado County who was not authorized to issue such warrant; that the blood was not taken within a reasonable period of time after the traffic stop; and that the person who drew the blood was not a qualified technician.

The next day, appellant and his counsel signed an agreement with the State stipulating that

> [t]here are no factual disputes regarding how the search warrant in this case was obtained. The issue before this Court is whether Justice Truchard had the authority to sign a Tex.Code Crim. Proc. art. 18.02 search warrant under the exceptions provided by (d) and (i) of Tex. Code Crim. Proc. art. 18.01 in this case.

In addition, appellant waived, for purposes of the stipulation, the appearance, confrontation, and cross-examination of witnesses. After a hearing, the trial court approved the stipulation and waiver, and denied the motion to suppress.

Appellant pleaded guilty pursuant to an agreement with the State, and appellant reserved the right to appeal the ruling on the motion to suppress.

---

1. See TEX. PENAL CODE ANN. § 49.04 (Vernon 2003).

## Motion to Suppress

Appellant contends that the trial court erred by overruling his motion to suppress the result of his blood alcohol test because the blood sample was taken without a proper search warrant. Specifically, appellant contends that Colorado County Precinct Three Justice of the Peace Francis Truchard did not have authorization under the Texas Code of Criminal Procedure to sign the search warrant.

### A. Standard of Review

■■■ We apply a bifurcated standard to review a trial court's ruling on a motion to suppress evidence; we give almost total deference to a trial court's determination of historical facts and review de novo the trial court's application of the law. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim.App.2002). Statutory construction is a question of law. *State v. Vasilas*, 187 S.W.3d 486, 488 (Tex.Crim.App.2006).

■■■ In construing a statute, we seek to give effect to the purpose of the legislators who enacted the legislation. *Id.* We begin with the plain language of the statute in order to discern its meaning because we "presume that the legislature meant what it said." *Id.* We interpret words and phrases in context and construe them according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005) (governing principles of construction of words and phrases under "Code Construction Act"); *see also Vasilas*, 187 S.W.3d at 489 (applying Code Construction Act to interpret articles of Texas Code of Criminal Procedure). We presume that an entire statute is to be effective, and we may consider the objective to be attained. TEX. GOV'T CODE ANN. §§ 311.021, 311.023 (Vernon 2005).

■■■ We give effect to the plain meaning of the statutory text unless the "appli-cation of a statute's plain language would lead to absurd consequences that the Legislature could not *possibly* have intended[.]" *Ex parte Noyola*, 215 S.W.3d 862, 866 (Tex.Crim.App.2007) (quoting *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim. App.1991)). "If the plain language of a statute would lead to absurd results, or if the language is not plain but rather ambiguous, then and only then, out of absolute necessity, is it constitutionally permissible for a court to consider, in arriving at a sensible interpretation, such extratextual factors as executive or administrative interpretations of the statute or legislative history." *State v. Neesley*, 239 S.W.3d 780, 783 (Tex.Crim.App.2007).

### B. Applicable Law

■■■ Generally, the taking of a blood sample is a search and seizure within the meaning of the Fourth Amendment to the United States Constitution. *Schmerber v. California*, 384 U.S. 757, 767–69, 86 S.Ct. 1826, 1834–35, 16 L.Ed.2d 908 (1966). Therefore, Article 1, section 9, of the Texas Constitution requires that a search warrant be issued. *Escamilla v. State*, 556 S.W.2d 796, 798–99 (Tex.Crim.App.1977). Article 38.23 of the Texas Code of Criminal Procedure forbids any evidence obtained in violation of the law to be admitted against an accused. TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005).

■■■ The Texas Transportation Code provides that if a person is arrested and a peace officer has reasonable grounds to believe that the person is intoxicated while operating a motor vehicle in a public place, the officer may request that a specimen of the person's blood be taken. TEX. TRANSP. CODE ANN. § 724.012(a) (Vernon Supp. 2007). With exception not applicable in this case, the blood sample may not be taken if the person refuses to consent. *Id.* § 724.013. Here, it is undisputed that ap-

pellant refused to consent to a blood test. Hence, a search warrant was required. *See Smith v. State,* 557 S.W.2d 299, 301–02 (Tex.Crim.App.1977).

■ Pursuant to Texas Code of Criminal Procedure article 18.02(10), a search warrant may be issued to search for and seize, inter alia, "property or items … constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense." TEX.CODE CRIM. PROC. ANN. art. 18.02(10) (Vernon 2005). Blood is an "item" of evidence within the meaning of article 18.02(10). *Gentry v. State,* 629 S.W.2d 77, 80 (Tex.App.-Dallas 1981), *aff'd,* 640 S.W.2d 899 (Tex.Crim.App.1982).

The issuance of a search warrant for "items" in article 18.02(10) requires that the peace officer first present to a magistrate a sworn affidavit setting forth sufficient facts to establish probable cause. TEX.CODE CRIM. PROC. ANN. art. 18.01(c) (Vernon Supp.2007).[2] Generally, pursuant to article 18.01(c), "only a judge of a municipal court of record or county court who is an attorney licensed by the State of Texas, statutory county court, district court, the Court of Criminal Appeals, or the Supreme Court may issue warrants pursuant to [article 18.02(10) ]." *Id.* However, article 18.01(i) provides an exception, as follows in relevant part: *"In a county … in which the only judges serving the*

county who are licensed attorneys are two or more district judges each of whose districts includes more than one county, any magistrate may issue a search warrant under [article 18.02(10) ]."[3] A "magistrate" includes, among others, justices of the peace. TEX.CODE CRIM. PROC. ANN. art. 2.09 (Vernon 2005).

## C. Analysis

■ Appellant contends that article 18.01(i), as emphasized above, did not authorize Colorado County Justice of the Peace Francis Truchard to sign the search warrant in this case.

We first consider the plain language of the statute, interpret the words in context, and construe them according to the rules of grammar and common usage. *See* TEX. GOV'T CODE ANN. § 311.011. We presume that the entire statute is to be effective, and we may consider the objective to be attained. *Id.* §§ 311.021, 311.023.

Because a justice of the peace is not listed as a judge authorized to sign a search warrant in article 18.01(c), Judge Truchard's authorization to sign the warrant in this case could only have been as "any magistrate" under the exception at article 18.01(i). Under the pertinent language of the exception, Judge Truchard was authorized to issue the warrant if Colorado County is a county "in which *the*

---

**2.** The affidavit must show (1) that a specific offense has been committed, (2) that the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place or thing to be searched.

**3.** *See* Act of May 17, 2001, 77th Leg., R.S., ch. 1395, § 1, 2001 Tex. Gen. Laws 3600, 3600, *amended by* Act of May 23, 2007, 80th Leg.,

R.S., ch. 748, § 1, 2007 Tex. Gen. Laws 1552, 1552 (current version at TEX.CODE CRIM. PROC. ANN. art. 18.01(i) (Vernon Supp.2007)). The 2007 amendments apply to a search warrant issued on or after the effective date of the Act, which was September 1, 2007. *See* Act of May 23, 2007, 80th Leg., R.S., ch. 748, § 2, 2007 Tex. Gen. Laws 3600, 3600, *amended by* Act of May 23, 2007, 80th Leg., R.S., ch. 748, § 1, 2007 Tex. Gen. Laws 1552, 1552 Because the warrant in this case was issued on August 5, 2006, we apply the law in effect at that time.

*only judges serving the county who are licensed attorneys* are two or more district judges each of whose districts includes more than one county."[4] At issue in this case is the interpretation of the emphasized portion of that language.

In Colorado County, the Honorable Dwight Peschel presides over the 25th District Court, and the Honorable W.C. Kirkendall presides over the Second 25th District Court. Judges Peschel and Kirkendall are licensed attorneys. The 25th and Second 25th district courts have concurrent jurisdiction over the counties of Colorado, Gonzales, Guadalupe, and Lavaca. *See* TEX. GOV'T CODE ANN. § 24.126 (Vernon 2004). The judges of the 25th and the Second 25th judicial districts may hear and dispose of any suit or proceeding on either court's docket without transferring the suit or proceeding. *Id.* Hence, serving Colorado County are "two or more district judges each of whose districts includes more than one county" and these judges are licensed attorneys. However, Judges Peschel and Kirkendall are not *"the only judges serving the county who are licensed attorneys."*

Appellant contends that, at the time that the warrant was issued in this case, Colorado County did not fall under the exception because there were two other judges serving the county who were licensed attorneys, namely, Leonard Peters, municipal judge for the City of Columbus, and George Cason, Justice of the Peace for Precinct 4 and municipal judge of Eagle Lake, Texas.

The State contends that appellant's reading of the statute renders the exception meaningless and leads to an absurd result because other language in article 18.01 prohibited Judges Peters and Cason from signing article 18.02(10) warrants. We agree.

■ Although Judges Peters and Cason are licensed attorneys, article 18.01(c) did not permit either of them to sign evidentiary warrants concerning items in article 18.02(10) because the municipal courts of Columbus and Eagle Lake are not municipal courts of record. *See* TEX.CODE CRIM. PROC. ANN. art. 18.01(c) (requiring municipal judge to be of municipal court of record); TEX. GOV'T CODE ANN. §§ 30.00001–.01904 (Vernon 2004 & Supp. 2007). As Judge Peters testified at the hearing on the motion to suppress, neither Judge Peters nor Judge Cason could serve Colorado County by issuing article 18.02(10) search warrants absent the article 18.01(i) exception that allows "any magistrate" to sign the warrant. Hence, under the interpretation appellant advances, Judges Peters and Cason, as licensed attorneys, rendered the exception inapplicable, notwithstanding that, as judges, they could not sign article 18.02(10) warrants. Such a consequence is absurd.

In addition, appellant's interpretation renders the exception meaningless because it returns the peace officers of Colorado County to the status that gave rise to the legislation in 2001 that created the very exception at issue. In 2001, because the two district judges who served Colorado County did not reside there and peace officers in Colorado County were being forced to travel across four counties to secure evidentiary warrants, the legislature added the language at issue herein to the article 18.01(i) exception to allow "any magistrate" to issue an article 18.02(10)

---

**4.** *See* Act of May 17, 2001, 77th Leg., R.S., ch. 1395, § 1, 2001 Tex. Gen. Laws 3600, 3600, *amended by* Act of May 23, 2007, 80th Leg., R.S., ch. 748, § 1, 2007 Tex. Gen. Laws 1552, 1552 (current version at TEX.CODE CRIM. PROC. ANN. art. 18.01(i) (Vernon Supp.2007)). (Emphasis added.)

warrant in any county "in which the only judges serving the county who are licensed attorneys are two or more district judges each of whose districts includes more than one county." *See* House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 1999, 77th Leg., R.S. (2001).

As the State points out, when the district judges of a county are serving more than one county and peace officers are forced to travel and spend considerable time to find the judge across multiple counties, there is a risk of loss or destruction of evidence. The plain purpose of the exception is to facilitate the timely issuance of a warrant to prevent the loss or destruction of evidence by allowing a peace officer to seek the warrant from any magistrate. Under appellant's interpretation of the statute, a Colorado County peace officer is returned to the position of having to travel across four counties to seek out one of the two district judges to sign an article 18.02(10) warrant.

▮▮▮ We recognize that, "where a statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *State v. Mancuso*, 919 S.W.2d 86, 87–88 (Tex.Crim.App.1996). We will not, however, give effect to a statute's plain meaning when such an interpretation produces an absurd result. *See Ex parte Noyola*, 215 S.W.3d at 866; *Mancuso*, 919 S.W.2d at 87–88. The rationale underlying this exception to the "plain meaning" rule is the refusal to attribute to the legislature a desire to reach an absurd result. *See Boykin*, 818 S.W.2d at 785.

Construing the statute as a whole, the only logical reading of the article 18.01(i) exception is that it authorizes "any magistrate" to sign an article 18.02(10) warrant in those circumstances in which the only judges serving a county who are licensed

attorneys *and who are authorized to issue article 18.02(10)search warrants* are district judges serving more than one county. Here, the article 18.01(i) exception applies because the two judges serving Colorado County who are licensed attorneys *and who are authorized to issue article 18.02(10) search warrants* are district judges Peschel and Kirkendall, whose districts include more than one county.

We conclude that interpreting the statute in the manner advanced by appellant would lead to an absurd result. We must favor a construction that gives effect to the statute's plain meaning without producing an absurd result. *See Mosley v. State*, 983 S.W.2d 249, 256 (Tex.Crim.App.1998). We conclude that, at the time that the warrant was issued herein, Colorado County fell within the exception of article 18.01(i) and therefore Justice of the Peace Truchard, as "any magistrate," was authorized to issue the evidentiary search warrant in this case. *See* TEX.CODE CRIM. PROC. ANN. art. 2.09, 18.01(c), (i). We hold that the trial court did not err by denying appellant's motion to suppress the result of his blood alcohol testing on this basis.

Appellant presents the following statements in his brief as a subissue, without any discussion:

7.  The warrant was illegally issued because the affidavit did not show probable cause sufficient to justify the issuance of the search warrant, because the magistrate who issued it did not have a substantial basis for concluding that probable cause existed, i.e., that the alleged contraband would be found in a particular place, and thus did not meet the totality of the circumstances analysis adopted in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

8. The search [sic] was illegally issued for the reason that the information contained in the affidavit was stale; the magistrate could not tell from the affidavit when the alleged offense took place.

■ Because appellant's brief does not contain clear and concise argument for the contentions made with appropriate citations to authorities and to the record, we conclude that appellant has not properly briefed these points for review. *See* TEX. R.APP. P. 38.1(h). Moreover, the record does not show that appellant moved to suppress the warrant on these bases in the trial court. The record shows that appellant stipulated in writing in the trial court that "[t]here are no factual disputes regarding how the search warrant in this case was obtained" and that the sole issue before the trial court was whether Justice Truchard had the authority to sign the search warrant.

We overrule appellant's issue.

### Conclusion

We affirm the judgment of the trial court.