Opinion issued April 15, 2010           

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

________________

 

NO. 01-09-00412-CR

________________

 



LAVAR JOHN SANTEE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee 

 

 



On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause No. 1141881

 

 



MEMORANDUM OPINION

 

          A
jury found appellant, Lavar John Santee, guilty of aggravated robbery and
assessed punishment at 20 years’ imprisonment. 
See Tex. Pen. Code
Ann. § 29.03 (Vernon
2003).  In a single issue, appellant
contends that the trial court erred in denying his motion to suppress and
admitting his written confession.  We
affirm.

BACKGROUND

          Shortly
after 2 a.m. on November 15, 2007, Abraham Woods heard “pounding” on the front
door of his apartment.  Linda Tran, a
neighbor living in the apartment complex, heard the noise, immediately looked
out her window, and saw three men at the door of Wood’s apartment.  Tran and her roommate called 911 and
continued to watch out the window.  

Appellant and two other men forcefully
entered Woods’ apartment.  Woods jumped
out of bed, and one of the intruders fired a weapon in his direction, narrowly
missing him.  The intruders ordered Woods
and his girlfriend to lie on the floor, bound their hands, and covered their
heads with pillowcases.  

Still watching from her window, Tran
observed the men “walking back and forth in front of the apartment complex” and
then saw two of the men walk out of the apartment with a black duffle bag and
get into a black SUV.  Tran and her
roommate saw police arriving at the complex, flagged the officers down, and described
what they had observed.  

Houston Police Department Officer Glen
Tabor testified that he and his partner responded to the call.  They observed two black males in the parking
lot matching the description provided by Tran and detained the men.  Then, Tabor continued to Woods’ apartment.  Tabor placed his hand on the front door,
causing it to move slightly.  Appellant “flung
the door open” and was standing on the other side holding an AK-47 assault
rifle in a “low ready position.” 
Startled, Tabor, reached for his weapon. 
Appellant backed up and raised the AK-47, taking aim at Tabor’s
chest.  Tabor took cover behind his squad
car and gave appellant verbal commands to come out of the apartment unarmed.  Eventually, appellant complied and was
apprehended.  

Officer U.P. Hernandez was called to
the scene just before 6 a.m. to assist in collecting evidence.  As part of his investigation, Hernandez
interviewed appellant at the “hold center” where he was being detained.  Hernandez testified that, before interviewing
a defendant in custody, he always reads the statutory warnings.  Hernandez testified that he read appellant the
following rights before questioning him about the robbery:

You have the right to remain silent and not make any
statement.  Any statement you make may be
used against you at your trial.  Any
statement you make may be used as evidence against you in your trial.  And you have the right to have a lawyer
present to advise you prior to and during any questioning.  And if you are unable to employ a lawyer, you
have the right to have a lawyer appointed to advise you prior to and during any
questioning.  And then, you have the
right to terminate this interview at any time.

 

Appellant indicated that he
understood his rights and that he wanted to waive his rights and speak with Officer
Hernandez.  Appellant was not threatened
in any way, promised anything in exchange for a statement, or deprived of using
the restroom or eating during the time he gave his statement.  As appellant gave his statement orally, Hernandez
typed appellant’s exact words into his laptop computer.  When Hernandez finished typing appellant’s
statement, he instructed appellant to read the written statement and make any
changes that he wanted.  The written
statement contained the same warnings that appellant was given orally before the
interview, thereby furnishing appellant a second encounter with the warnings.  The rights that prefaced the written
statement, in relevant part, stated: 

Prior to making this statement I have been warned by
Inv. U.P. Hernandez, the person to who this statement is made, that:

 

1)   
I have the right
to remain silent and not make any statements at all and any statement I make
may and probably will be used against me at trial;

2)   
Any statement I
make may be used as evidence against me in court;

3)   
I have the right
to have a lawyer present to advise me prior to and during any questioning;

4)   
If I am unable to
employ a lawyer, I have the right to have a lawyer appointed to advise me prior
to and during any questioning and;

5)   
I have the right
to terminate the interview at any time.

 

Prior to and during the making of this statement, I
knowingly, intelligently and voluntarily waive the rights set out above and
make the following voluntary statement[.]

 

Appellant read and initialed next to
each right, indicating he understood the rights and voluntarily waived them.  Appellant read over the written statement
regarding the offense, did not make any changes to the statement, and signed at
the end of the document, which was witnessed and signed by two other
officers.         

 

 

DISCUSSION

In his single issue, appellant
contends that the trial court erred by admitting his written statement because
the confession was the product of an interrogation technique calculated to
undermine his Miranda[1]
 rights. 
Specifically, appellant asserts that Officer Hernandez failed to
properly provide his Miranda rights
and obtain a voluntary waiver prior to taking appellant’s oral statement,
thereby invalidating his subsequent written statement.  The State asserts that appellant was properly
admonished of his Miranda rights
prior to making his oral statement, appellant understood those rights, and appellant
voluntarily waived them.  

          A.      Standard of Review

          In
reviewing a trial court’s ruling on a motion to suppress, the appellate court
may disturb the ruling only for abuse of discretion.  Shepherd
v. State, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008).  We give almost total deference to the trial
court’s determination of historical facts and review de novo the trial court’s
application of law to those facts.  Muniz v. State, 264 S.W.3d 392, 395
(Tex. App.—Houston [1st Dist.] 2008, no pet.). 
When ruling on a motion to suppress, the trial judge is the sole and
exclusive trier of fact and judge of the credibility of the witnesses, as well
as the weight to be given their testimony. 
Maxwell v. State, 73 S.W.3d
278, 281 (Tex. Crim. App. 2002).  The
trial court may choose to believe or disbelieve all or any part of the
witnesses’ testimony.  State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000).  Consequently, the
evidence is viewed in the light most favorable to the trial court’s
ruling.  Weaver v. State, 265 S.W.3d 523, 532 (Tex. App.—Houston [1st Dist.]
2008, pet ref’d).  

          B.      Applicable Law

A confession may be inadmissible on
numerous grounds, including a constitutional Miranda violation or noncompliance with Article 38.22 of the Texas
Code of Criminal Procedure.  See, e.g., Resendez v. State, — S.W.3d —,
No. PD-0917-08, 2009 WL 3365656, at *6 (Tex. Crim. App. Oct. 21, 2009).  In Miranda
v. Arizona, the United States Supreme Court established a set of specific
warnings an officer must give, prior to custodial interrogation, as a means of
protecting a criminal suspect’s Fifth Amendment constitutional privilege
against self-incrimination.  Miranda v. Arizona, 384 U.S. 436, 442–57,
467–76, 86 S. Ct. 1602 (1966); Herrera v.
State, 241 S.W.3d 520, 525 (Tex. Crim. App. 2007).

Additionally, the Texas Legislature
has enacted requirements relating to the admissibility of a statement in
Article 38.22 of the Code of Criminal Procedure.  With regard to written statements, Article
38.22, Section 2 provides that no statement made by a defendant as a result of
custodial interrogation may be admissible unless: (a) the written statement
shows the defendant received certain admonishments; and (b) the defendant,
prior to and during the making of the statement, knowingly, intelligently, and
voluntarily waived those rights.  Tex. Code Crim. Proc. Ann. art. 38.22,
§ 2 (Vernon 2005).  Specifically, the
face of the statement must show that the defendant was admonished of the
following rights:

(1) he has the right to remain silent and not make any
statement at all and that any statement he makes may be used against him at his
trial;

(2) any statement he makes may be used as evidence
against him in court;

 (3) he has the
right to have a lawyer present to advise him prior to and during any
questioning;

(4) if he is unable to employ a lawyer, he has the
right to have a lawyer appointed to advise him prior to and during any questioning;  and

(5) he has the right to terminate the interview at any
time[.]

 

Id. art. 38.22, § 2(a).

 

C.      Analysis

Appellant cites to case law regarding
Miranda violations, but in applying
the law to the facts of his case, he points to deficiencies under Article 38.22,
rather than a failure to properly provide Miranda
rights.  While Article 38.22 requires
Miranda warnings be included in a
recorded or written statement for it to be admissible, the statutory
requirements governing admissibility of a statement at trial are
distinguishable from constitutional Miranda
rights.  Resendez, 2009 WL 3365656, at *6 (“The statutory argument at issue
in this case, the violation of Article 38.22, Section 3(a)(2), is legally
distinct from the constitutional argument.”).  

In support of his argument, appellant
cites to Seibert and Martinez, cases addressing
constitutional Miranda violations.  See
Missouri v. Seibert, 542 U.S. 600, 124 S. Ct. 2601 (2004) (plurality
holding that whenever two-stage interview occurs and Miranda warnings are delivered “midstream,”  admissibility of post-warning statement
depends on whether warnings could have been effective to accomplish objective); Martinez v. State, 272 S.W.3d 615 (Tex.
Crim. App. 2008) (holding failure to Mirandize
appellant before initial interrogation and polygraph examination made post-Miranda custodial statement
inadmissible).   Both cases involved the
use of investigative tactics of pre-warning custodial interrogation, followed
by Miranda warnings and the taking of
post-warning statement.  See Seibert, 542 U.S. at 621; Martinez, 272 S.W.3d at 624–25.  Pursuant to Seibert, appellant asserts that he was interrogated in “two stages”
with the second stage being a “mere continuation” of the first interrogation,
causing the Miranda warnings
administered mid-stream to be meaningless.  See 542
U.S. at 601–02.

Seibert and Martinez have no application to the
present case because this case does not involve pre-warning interrogation.  Here, the officer testified that he gave
appellant Miranda warnings beginning
the custodial interrogation and before appellant gave any statement.  The officer read appellant each of the
rights, appellant indicated he understood the rights, and voluntarily waived
the rights, choosing to proceed with the interview.  Additionally, the officer testified that
appellant read and initialed each right, indicating he wished to waive them,
prior to signing his written statement.  Thus,
the record supports the trial court’s findings that appellant was advised of
his rights, understood them, and knowingly, intelligently, and voluntarily
waived them.  

Appellant argues that the officer’s
credibility was “seriously diminished.” 
However, we need not indulge this argument because we are not permitted
to disturb the trial court judge’s assessment of credibility of a witness and
weight to be given to the witness’s testimony. 
See Maxwell, 73 S.W.3d at 281.

Appellant seems to point to the
absence of an Article 38.22 recording of the oral statement to show “interrogation
techniques designed to frustrate the Miranda
rule and to undermine its meaning and effect” amounting to a Miranda violation.  See
Martinez, 272 S.W.3d at 626 n.20.  This
argument is flawed because the failure to record a statement under Article 38.22,
Section 3(a) (2) does not mean that Miranda
warnings were not given.  As
discussed, the record in the present case shows that appellant was given proper
Miranda warnings: the officer
testified that he read appellant the warnings prior to the interrogation,
appellant understood those warnings, and chose to waive his rights and proceed
with the interview.  The written
statement offered by the State was admissible, as it complied with Article
38.22 and was not the product of prior pre-warning interrogation.  Id. art.
38.22, § 2; see Seibert, 542 U.S. at
601–02; Martinez, 272 S.W.3d at 620.

We conclude that the trial court did
not abuse its discretion in denying the motion to suppress.  We overrule appellant’s sole point on appeal.

CONCLUSION

          We
affirm the judgment of the trial court.

 

 

                                                          

George C. Hanks, Jr.

                                                          Justice

 

Panel consists of Justices Jennings, Hanks, and Bland.

Do not publish.  See Tex. R. App. P. 47.2(b).











[1] Miranda v.
Arizona, 384 U.S. 436, 86 S. Ct. 1602
(1966).