Affirmed and Memorandum Opinion filed April 5, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00029-CR

___________________

 

Autumn Lea Wheat, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the County Court at Law Number One

Johnson County,
Texas



Trial Court Cause No. M200801741

 



 

 

MEMORANDUM OPINION

            A jury convicted appellant, Autumn Lea Wheat, of
misdemeanor driving while intoxicated (“DWI”).  See Tex. Penal Code Ann.
§ 49.04(a) (West 2003).  In a single issue on appeal, appellant contends the
trial court erred when it denied her motion to suppress the results of her
blood test.  We affirm.

Factual and Procedural Background

            Joseph
Fortney, an off-duty detention officer with the Tarrant County Sheriff’s
Department, was driving to his home in Burleson about 11:00 p.m. on August 16,
2008.  Fortney was traveling on Alsbury Boulevard.  As Fortney passed through
the intersection of Alsbury and Renfro, he noticed a green truck waiting in the
turn lane on Renfro.  After Fortney cleared the intersection, the green truck
ran a red light and turned onto Alsbury behind Fortney.  When Fortney stopped
at a four way stop intersection, the green truck pulled up behind his vehicle. 
When Fortney cleared the intersection, he pulled onto the shoulder of the road
to allow the green truck to pass him.  Rather than passing Fortney’s vehicle,
the green truck pulled in behind Fortney and parked.  The green truck’s lights
remained on and the motor continued running.  At that point, Fortney called the
Burleson Police Department.

            Officers
Brad Schaefer and John Morgan of the Burleson Police Department were dispatched
around 11:00 p.m. on August 16, 2008 and arrived at the scene within minutes.
The officers observed a green Ford F-250 pick-up truck parked on the side of
Alsbury Boulevard.  Officer Schaefer approached the F-250 and observed that the
truck was in park, the motor was running, and a female had fallen asleep behind
the steering wheel.  Officer Shaefer opened the door, turned off the motor,
removed the key from the ignition, and at that point, the female woke up. 
Officer Schaefer then engaged the female in conversation in an effort to
identify her.  Initially, the female handed Officer Schaefer a Fort Worth
Police Department identification and badge.  After looking at that, Officer
Schaefer handed them back and asked for a “Texas identification license.”  The
female then fumbled through her wallet and handed Officer Schaefer a credit
card.  She then looked through her wallet again and handed Officer Schaefer her
Texas driver’s license.    Officer Schaefer identified the female as appellant.

            Officer
Schaefer testified he detected a moderate odor of an alcoholic beverage emanating
from appellant’s breath, her speech was slurred, and she had heavy, bloodshot
eyes.  Officer Morgan testified appellant’s speech was slurred and very soft.  
Officer Schaefer then asked appellant to exit the vehicle and when she did, he
guided her to the back of the Ford F-250.  Officer Schaefer asked appellant “if
she’d had anything to drink tonight?”  In response, appellant admitted “she had
had a couple of drinks during the night.”

            When
Officer Schaefer tried to get appellant to perform a horizontal gaze nystagmus
test, she refused to cooperate and asked multiple times for the Burleson police
officers to call a Fort Worth police officer to the scene.  Officer Schaefer
called a supervisor to the scene and Sergeant O’Heren arrived soon thereafter. 
Appellant continued to refuse to cooperate and kept asking for a Fort Worth
police officer to be called to the scene.  Appellant was then placed under
arrest and transported to the Burleson Police Department jail.

             
Upon arrival at the Burleson Police Department jail, appellant persistently
refused to cooperate.  Specifically, she refused to participate in field
sobriety tests, to give a breath sample, or to give a blood sample.  Officer
Schaefer then decided to seek a search warrant to obtain a blood sample from
appellant.  Officer Schaefer completed an affidavit for a blood warrant at
approximately 12:31 a.m. on August 17, 2008.  In the affidavit, Officer
Schaefer stated the following:

On 08-16-2008, I, Officer Schaefer made contact with suspect
Wheat, Autumn in the 700 blk of SW Alsbury.  Wheat was found asleep behind the
wheel of her 1999 Ford F-250 pick[-]up with the engine running and the vehicle
in park.  Wheat was awoken and asked to exit the vehicle.  Wheat had a moderate
odor of alcohol emitting from her person, had slurred speech and heavy eyes. 
Officer Schaefer asked Wheat if she had been drinking tonight and she advised
Officer Schaefer that she had a couple of drinks.  Officer Schaefer advised
Wheat he was going to test her eyes and see if she was able to drive the
vehicle.  Wheat advised Ofc. Schaefer that she wanted to contact one of her
Fort Worth Officers to come and get her.  Ofc. Schaefer instructed Wheat that
was not going to happen until after the test was finished.  Wheat then advised
that she wanted to talk with a Sgt.  Ofc. Schaefer then called for Sgt. O’Heren
319 to make the scene and talk with Wheat.  Once Sgt. O’Heren made the scene
Wheat advised him that she wanted a Fort Worth Ofc. to come and pick her up. 
Wheat then advised that she was not going to do any of the test[s] and at that
time Wheat was place[d] into custody for DWI.  Wheat was then taken back to the
Burleson

At that
point the typed portion of the affidavit ended and the following was handwritten
in: “PD jail and given another chance to complete the test but refused HGN,
walk and turn and one leg stand tests[.]”  After completing the affidavit,
Officer Schaefer faxed it to the local magistrate, who signed the search
warrant for appellant’s blood at 12:43 a.m. on August 17, 2008.

            When
Officer Schaefer received the search warrant for appellant’s blood, he
transported appellant to a local hospital where the blood sample was taken.  Testing
of the sample revealed appellant’s blood alcohol concentration was 0.13 grams
of ethyl alcohol per 100 milliliters of whole blood, above the 0.08 legal limit. 


            Appellant
filed a pre-trial motion to suppress the results of the blood test.  In her
motion, appellant argued the trial court should suppress the results of her
blood test because Officer Schaefer’s affidavit was inadequate to establish
probable cause and therefore the search warrant authorizing the seizure of her
blood violated her constitutional and statutory rights.  The trial court denied
the motion. 

            After
a jury found appellant guilty of misdemeanor DWI, the trial court assessed appellant’s
punishment at 180 days’ confinement in the county jail, probated for two years,
a $1,000.00 fine, payment of court costs, the requirement that she attend and complete
the Victim Impact Panel and DWI school, and perform 40 hours of community
service.     After her motion for new trial was denied, this appeal followed.

Discussion

            In
a single issue on appeal, appellant contends the trial court erred when it
denied her pre-trial motion to suppress the results of her blood test because
the affidavit for the search warrant failed to establish probable cause. 
According to appellant, the affidavit was insufficient to establish probable
cause because (1) there was no time reference in Officer Schaefer’s affidavit
as to when he initially approached appellant in the parked Ford F-250; (2)
there was no information in Officer Schaefer’s affidavit explaining that any
witness had seen appellant operating the parked Ford F-250; (3) there was
nothing in Officer Schaefer’s affidavit as to when appellant had consumed
alcohol; and (4) there was no information in Officer Schaefer’s affidavit on
whether appellant’s Ford F-250 was parked in the right of way. Appellant then
argues that, as a result of these deficiencies, Officer Schaefer’s affidavit
failed to establish probable cause and the resulting seizure of her blood violated
her rights under the Fourth Amendment to the United States Constitution,
article I, section 9 of the Texas Constitution, and Article 38.23(a) of the
Texas Code of Criminal Procedure.  We address each contention in turn.

I.         The
standard of review and applicable law.

            We
apply a bifurcated standard of review to a trial court’s ruling on a motion to
suppress evidence.  State v. Dugas, 296 S.W.3d 112, 115 (Tex.
App.—Houston [14th Dist.] 2009, pet. ref’d) (citing Maxwell v. State, 73
S.W.3d 278, 281 (Tex. Crim. App. 2002); Carmouche v. State, 10 S.W.3d
323, 327 (Tex. Crim. App. 2000)).  We give almost total deference to the trial
court’s determination of historical facts that depend on credibility and review
de novo the trial court’s application of the law to those facts.  Id. 
We also review de novo the trial court’s application of the law of search and
seizure.  Id. (citing State v. Ross, 32 S.W.3d 853, 856 (Tex.
Crim. App. 2000)).  But, when reviewing a magistrate’s decision to issue a
warrant, trial and appellate courts apply a highly deferential standard in
keeping with the constitutional preference for a warrant.  Rodriguez v.
State, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007).

            Obtaining
a blood sample is a search and seizure within the meaning of the Fourth
Amendment to the United States Constitution.  Dugas, 296 S.W.3d at 115. 
Thus, a search warrant must be issued before a blood sample may be taken.  Id. 
The Code of Criminal Procedure allows for the issuance of a search warrant to
seize property or items, such as blood, that constitute evidence of an
offense.  Id. (citing Tex. Code Crim. Proc. Ann. art. 18.02(10) (West
2005) and Muniz v. State, 264 S.W.3d 392, 396 (Tex. App.—Houston [1st
Dist.] 2008, no pet.)).  Before a search warrant may be issued, a sworn
affidavit must be filed setting forth sufficient facts to show probable cause
that (1) a specific offense has been committed; (2) the specifically described
property or items to be searched for or seized constitute evidence of that
offense or evidence that a particular person committed that offense; and (3)
the property or items constituting such evidence are located at or on the
particular person, place, or thing to be searched.  Id. at 116 (citing
Tex. Code Crim. Proc. Ann. art. 18.01(c) (West Supp. 2009)).

Probable cause to
support the issuance of a search warrant exists when a magistrate has a
substantial basis for concluding that a search would uncover evidence of
wrongdoing.  Id.  When making this determination, the magistrate is not
bound by such standards as proof beyond a reasonable doubt or by a
preponderance of the evidence; rather, the magistrate’s sole concern should be
probability.  Rodriguez, 232 S.W.3d at 60.  The test is whether a
reasonable reading of the affidavit by the magistrate would lead to the conclusion
that the affidavit provided a substantial basis for the issuance of the search
warrant.  Id. 

When reviewing an
issuing magistrate’s probable cause determination, an appellate court should
interpret the affidavit in a commonsensical and realistic manner, recognizing
that the magistrate may draw reasonable inferences.  Id. at 61.  When in
doubt, a reviewing court defers to all reasonable inferences that the
magistrate could have made.  Id.  The determination of whether an
affidavit established probable cause “is a flexible and nondemanding standard.” 
Id. at 60.  In determining whether there was probable cause to issue the
search warrant, reviewing courts should consider whether there are sufficient
facts, coupled with inferences from those facts, to establish a fair
probability that evidence of a particular crime will likely be found at the
specified location.  Id. at 62.  In other words, reviewing courts should
focus on the combined logical force of the facts included in the affidavit and
not whether there are other facts that could have or even should have been
included.  Id.  When determining the sufficiency of an affidavit to
establish probable cause, a reviewing court is limited to the four corners of
the affidavit.  Oubre v. State, 542 S.W.2d 875, 877 (Tex. Crim. App.
1976); Burke v. State, 27 S.W.3d 651, 654 (Tex. App.—Waco 2000, pet.
ref’d).  Whether the facts mentioned in an affidavit establish probable cause
depends on the totality of the circumstances.  Dugas, 296 S.W.3d at 116.

Probable cause ceases to
exist when, at the time the search warrant is issued, it would be unreasonable
to presume the items remain at the suspected place.  Id.  Thus, to
justify a magistrate’s finding that an affidavit is sufficient to establish
probable cause to issue a search warrant, the facts set out in the affidavit
must not have become “stale” at the time the search warrant issued.  Id. 
 The proper method to determine whether the facts supporting the issuance of a
search warrant have become stale is to examine, in light of the type of
criminal activity involved, the time elapsing between the occurrence of the
events set out in the affidavit and the time the search warrant was issued.  Id.

A person commits the
offense of driving while intoxicated if the person is intoxicated while
operating a motor vehicle in a public place.  Tex. Penal Code Ann. § 49.04(a). 
The term “intoxicated” means (1) not having the normal use of mental and
physical faculties by reason of the introduction of alcohol, a controlled
substance, a drug, a dangerous drug, a combination of those substances, or any
substance into the body, or (2) having an alcohol concentration of 0.08 or
more.  Id. at 49.01(2).  Evidence of intoxication may include (1)
slurred speech, (2) bloodshot eyes, (3) the odor of alcohol on the person, (4)
the odor of alcohol on the breath, (5) unsteady balance, or (6) a staggered
gait.  Harris v. State, 204 S.W.3d 19, 25 (Tex. App.—Houston [14th
Dist.] 2006, pet. ref’d).  There is no statutory definition of “operate.”  Barton
v. State, 882 S.W.2d 456, 459 (Tex. App.—Dallas 1994, no pet.).  However,
the Court of Criminal Appeals has held, to find operation of a motor vehicle, “the
totality of the circumstances must demonstrate that the defendant took action
to affect the functioning of his vehicle in a manner that would enable the
vehicle’s use.”  Denton v. State, 911 S.W.2d 388, 390 (Tex. Crim. App.
1995).  Under this standard, “operating” a motor vehicle is interpreted very
broadly.  Strong v. State, 87 S.W.3d 206, 215 (Tex. App.—Dallas 2002,
pet. ref’d).  Therefore, operation of a motor vehicle does not necessarily
involve driving the motor vehicle.  Denton, 911 S.W.2d at 389.  “Because
‘operating a motor vehicle’ is defined so broadly, any action that is more than
mere preparation toward operating the vehicle would necessarily be an action to
affect the functioning of [a] vehicle in a manner that would enable the
vehicle’s use.”  Strong, 87 S.W.3d at 216.  This definition does not
require that the vehicle actually move.  Denton, 911 S.W.2d at 390.

II.        Was
the information in Officer Schaefer’s Affidavit Stale?

            Appellant
initially asserts Officer Schaefer’s affidavit was insufficient to establish
probable cause because there was no information included as to when Officer
Schaefer initially approached appellant.  In short, appellant argues that
without a specific time reference as to when Officer Schaefer first approached
appellant, there was no way for the magistrate to know “how long appellant had
been sitting in the parked vehicle with the engine running” and therefore the
affidavit had become stale.  While the State admits the affidavit does not list
the time when Officer Schaefer first approached appellant, the State asserts
the affidavit contains sufficient information to avoid being stale.  The
affidavit did list the date on which Officer Schaefer approached and arrested
appellant: August 16, 2008.  In addition, the affidavit states that Officer
Schaefer asked appellant “if she had been drinking tonight.”  Based on this
information, it was reasonable for the magistrate to infer that Officer
Schaefer made contact with appellant after dark on August 16, 2008.  Officer
Schaefer’s search warrant application was faxed to the magistrate around 12:30
a.m. on August 17, 2008.  Based on this information, we conclude Officer
Schaefer’s affidavit had not become stale and that evidence of intoxication
would still be found in appellant’s blood when the magistrate signed the search
warrant at 12:43 a.m. on August 17, 2008.  See Dugas, 296 S.W.3d
at 116 (holding that six hour gap between initial stop of defendant and the
issuance of the search warrant did not render affidavit stale).

III.      Did the affidavit
establish appellant was operating her vehicle at the time Officer Schaefer
approached her?

            Appellant
also contends Officer Schaefer’s affidavit was insufficient to establish
probable cause that appellant was operating her motor vehicle at the time she
was approached by Officer Schaefer.  Appellant begins this argument by pointing
out that Officer Schaefer’s affidavit did not contain any information on
whether appellant “drove the parked vehicle.”  However, Officer Schaefer’s
affidavit need not establish probable cause that appellant drove a motor vehicle,
only that she operated one while intoxicated.  As discussed above, operating a
motor vehicle is defined broadly and occurs when the totality of the
circumstances demonstrate that the defendant took action to affect the
functioning of his vehicle in a manner that would enable the vehicle’s use.  Denton,
911 S.W.2d at 390.  In his affidavit, Officer Schaefer states that he found
appellant “asleep in the 700 blk of SW Alsbury behind the wheel of her 1999
Ford F-250 pick[-]up with the engine running and the vehicle in park.”  Officer
Schaefer also states in his affidavit that appellant asked him to call a Fort
Worth police officer to the scene to “come and get her.”  Based on these facts
and the reasonable inferences that can be derived from those facts, we hold the
magistrate was justified in concluding there was a fair probability that
appellant had operated a motor vehicle when Officer Schaefer found her asleep
behind the wheel of her vehicle on the evening of August 16, 2008.  See Denton,
911 S.W.2d at 390; Dornbusch v. State, 262 S.W.3d 432, 433–34 (Tex.
App.—Fort Worth 2008, no pet.) (vehicle stopped in restaurant parking lot with
defendant asleep at the wheel with one foot on the brake and the transmission
in drive); Freeman v. State, 69 S.W.3d 374, 375–76 (Tex. App.—Dallas
2002, no pet.) (defendant was asleep in the driver’s seat with the motor
running, the gear shift in drive, and the right tire against the curb).

IV.      Did the affidavit
establish appellant was intoxicated at the time Officer Schaefer approached
her?

Next, appellant asserts
Officer Schaefer’s affidavit failed to establish probable cause that appellant
was intoxicated because the affidavit did not establish “the approximate time
appellant had consumed alcohol on August 16, 2008.”  Appellant then argues that
since this fact is missing, it was impossible for the magistrate to “determine
if any alcohol could be found within appellant’s person through a blood draw.” 
However, to prove intoxication, the State is not required to prove the exact
time when a DWI defendant consumed alcohol.  All Officer Schaefer’s affidavit
had to do was establish probable cause that appellant operated a motor vehicle
while intoxicated.  In his affidavit, Officer Schaefer stated appellant was
found asleep behind the wheel of her vehicle with the engine running in the 700
block of SW Alsbury Boulevard.  Officer Schaefer also indicated that appellant
(1) admitted to having a few drinks that night; (2) had a moderate odor of
alcohol emitting from her person; (3) had slurred speech; (4) heavy eyes; (5)
repeatedly asked for a Fort Worth police officer to come and get her; and (6)
refused to participate in field sobriety tests.  Based on these facts and the reasonable
inferences derived from those facts, we hold the magistrate was justified in
concluding there was a fair probability that appellant had operated a motor
vehicle while intoxicated when Officer Schaefer found her asleep behind the steering
wheel of her vehicle and evidence of that crime would be found through a sample
of appellant’s blood.  See e.g. Hogan v. State, 329 S.W.3d 90, 94–96
(Tex. App.—Fort Worth 2010, no pet.) (affidavit was sufficient to establish
probable cause where it described defendant as smelling strongly of alcohol, having
bloodshot, watery, and heavy eyes, unsteady balance, and staggered walk); Foley
v. State, 327 S.W.3d 907, 912 (Tex. App.—Corpus Christi 2010, no pet.)
(affidavit was sufficient to establish probable cause where it reported the
suspect smelled strongly of alcohol, had red and glassy eyes, slurred speech,
poor balance, and refused to provide a breath or blood sample); Maxwell v. State,
253 S.W.3d 309, 314 (Tex. App.—Fort Worth 2008, pet. ref’d) (citing refusal to
perform field sobriety tests as a factor that can support probable cause to
arrest suspect for DWI).

V.        Was Officer Schaefer’s
affidavit required to establish appellant was parked in the street right-of-way?

            In
her final contention, appellant argues Officer Schaefer’s affidavit was
insufficient to establish probable cause because there was “no information as
to whether the location where the vehicle was parked was in the street right-of
way.”  However, appellant does not cite and we have not found, any legal
authority establishing the requirement that, to establish probable cause for
the issuance of a search warrant to obtain a blood sample from appellant, the
affidavit was required to address whether appellant’s vehicle was in a street
right-of-way.  As mentioned above, all Officer Schaefer’s affidavit was
required to do was establish probable cause that appellant operated a motor
vehicle while intoxicated sufficient to justify obtaining a blood sample from
appellant.  We have already concluded Officer Schaefer’s affidavit met that
requirement.

Conclusion

            Having addressed
and rejected each contention raised by appellant, we overrule appellant’s
single issue on appeal and affirm the trial court’s judgment. 

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Seymore, and McCally.

Do
Not Publish — Tex. R. App. P. 47.2(b).